THOMPSON BUKHER LLP
Tim Bukher (TB1984, tbukher@thomplegal.com)
Benjamin S. Thompson (BT2176, bthompson@thomplegal.com)
75 Broad Street, Suite 2120
New York, NY 10004
Tel: (212) 920-6050
Fax: (646) 349-2366
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATT HOSSEINZADEH,<br><br>        *Plaintiffs*,<br><br>– against –<br><br>ETHAN KLEIN and HILA KLEIN,<br><br>        *Defendant*s. | **COMPLAINT AND**<br>**JURY DEMAND**<br><br>**Civ. Action No**.: 16-cv-3081<br>**ECF Case** |

Plaintiff Matt Hosseinzadeh for his Complaint against defendants Ethan Klein and Hila Klein, alleges:

### NATURE OF THE ACTION

1. This is a civil action for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 et seq.

### PARTIES

2. Plaintiff Matt "Hoss" Hosseinzadeh ("Mr. Hoss" or the "Plaintiff") is an individual residing in Sherman Oaks, California.

3. Mr. Hoss is a recognized filmmaker, having a loyal and wide cult following, who publishes his original film and music productions on the popular YouTube.com ("YouTube")

channel having the name "MattHossZone" (accessible at https://www.youtube.com/user/MattHossZone).

4. On information and belief, defendants Ethan Klein ("Mr. Klein") and Hila Klein ("Ms. Klein") (collectively the "Kleins" or the "Defendants") are individuals residing in the Federal Southern District of New York.

5. On information and belief, the Defendants publish video content to a YouTube channel having the name "Ethan and Hila."

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants, (a) reside in New York; (b) in person or through an agent have transacted business in New York through their YouTube channel; and/or (c) (i) have committed the infringing acts described herein, causing injury to Mr. Hoss in New York, and (ii) expected or should reasonably have expected their infringing acts to have consequences in New York, and (iii) derive substantial revenue from interstate or international commerce.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## PLAINTIFF'S WORK

9. Mr. Hoss is the sole owner of the copyright and all other rights in and to the creative motion picture collection of works titled "The Bold Guy & Horny Tony Volume 1" (US Copyright Reg. No. PAu 3-770-968) which collection includes the individual work titled "Bold Guy 12 Parkour Girl" (individually the "Work").

10.     A copy of Mr. Hoss's registration certificate with the United States Copyright Office is attached hereto at Exhibit 1.

11.     As an independent filmmaker struggling to achieve mainstream recognition, Mr. Hoss invests virtually all of his personal income into his projects, as well as functioning in multiple roles as writer, director, producer, cinematographer, actor, editor, and even stunt man for his projects.

12.     Mr. Hoss also composes all of the original soundtrack works for his film projects which music works have also received independent recognition.

13.     Mr. Hoss has passionately invested his time, energy, and occasionally blood into his film projects.

14.     In fact, on August 14, 2013 during the six week period filming the Work, which included a highly physical "Parkour" action sequence, Mr. Hoss was hospitalized with multiple fractures to his skull, a fractured elbow, a concussion, and facial nerve damage due to blunt force trauma when Mr. Hoss suffered a fall onto concrete while training for the Work's action sequence.

15.     Needless to say, Mr. Hoss has invested substantial time, effort, money, and quite literally his physical wellbeing to generate the original content for his Work.

**DEFENDANTS' INFRINGEMENTS**

16.     On or about February 15, 2016, Defendants published a video on their YouTube channel that copied and displayed virtually all of Mr. Hoss's original Work (the "Infringing Video").

17. The Infringing Video features the Defendants purporting to discuss the Work in what they believe to be a humorous manner but in fact reproduces virtually all of the Work as nothing more than a prop in the Defendants' "comedy routine."

18. The Infringing Video was created and published without license from Mr. Hoss in direct violation of Mr. Hoss's exclusive rights as an author pursuant to 17 U.S.C. § 106.

19. The Infringing Video consists of virtually all of the original Work, comprising the majority of the Infringing Video, with some original work by the Kleins comprising a minority of the Infringing Video.

20. The Infringing Video does nothing to alter the original Work with new expression, meaning, or message.

21. The Infringing Video fails to contribute a single substantive comment, criticism, or even parody to or of the original Work.

22. On information and belief, the Infringing Video was published by the Defendants in a transparent attempt to exploit the popularity of the original Work which currently has more than ten million "views" on YouTube.

23. The Infringing Video was even advertised by the Defendants by utilizing a still "thumbnail" image from the original Work (as opposed to a still image from the Defendants' "original content," minor as that is, from their Infringing Video) which advertisement, on information and belief, was specifically tailored by the Defendants to confuse viewers into thinking that, by clicking on the hyperlink to the Infringing Video, they would be taken to the original Work.

24. On April 2, 2016, Mr. Hoss emailed the Kleins to request that they immediately remove the Infringing Video from YouTube and cease all future infringement of the Work.

25. On April 2, 2016, Mr. Klein on behalf of the Kleins responded to Mr. Hoss via email, refusing to cease their infringement, claiming fair use exemption, directing Mr. Hoss to contact their attorney, and daring Mr. Hoss to file a takedown request with YouTube pursuant to the Digital Millennium Copyright Act ("DMCA"), stating that the Kleins would dispute such takedown notice and that the "[Infringing Video] will be reinstated within two weeks" because the Kleins have "dealt with this many times," and such allegations of infringement were evidently a "matter of routine to [them]."

26. Upon information and belief, the Defendants have unfairly derived profit from the Infringing Video in the form of advertising revenues generated on YouTube by the Infringing Video.

27. Upon information and belief, the Defendants have unfairly derived profit from the Infringing Video in the form of their YouTube channel, which generates advertising revenue, increasing in popularity during the two-month period that the Infringing Video was displayed.

28. Upon information and belief, the Defendants' YouTube channel more than doubled its number of subscribers due, at least in part, to the popularity generated by the Infringing Video.

29. Upon information and belief, the Defendants have unfairly derived profit from the Infringing Video and from the goodwill and popularity generated by the Infringing Video in the form of donations that the Defendants have received from their fan base via donation website www.patreon.com.

30. Upon information and belief, and based upon the Defendants' express statements, the Defendants have unfairly derived and/or will unfairly derive additional profit from the

Infringing Video and from the goodwill and popularity generated by the Infringing Video in the form of donations from their fan base via the website www.kickstarter.com.

## CLAIM FOR RELIEF

### (Copyright Infringement)

31. Mr. Hoss repeats and realleges the assertions contained in paragraphs 1 through 20 above.

32. Mr. Hoss is the author of, and sole proprietor of all right, title and interest in and to the federal copyrights in the Work. Under 17 U.S.C. § 106, Mr. Hoss has the exclusive right to reproduce, distribute, publicly display and prepare derivative works based on the Work.

33. As alleged above, Defendants have infringed the copyrights in the Work by unlawfully reproducing, publicly displaying, promoting, distributing, and preparing an unlicensed derivative work of the Work in the form of their Infringing Video.

34. The Defendants should have known that their slavish reproduction of virtually all of the Work, without any substantive alteration to infuse the Work with new expression, meaning, or message, was not a "fair use" of the Work as defined in 17 U.S.C. § 107.

35. The Defendants should have performed, in good faith, research of the relevant statutes and caselaw to understand that their use of the Work was not a fair use.

36. The Defendants' infringements were willful and malicious in that they were committed with knowledge or in reckless disregard of Mr. Hoss's exclusive rights, especially after having been warned of the same by Mr. Hoss.

37. The Defendants' willful and malicious conduct is evidenced by their email to Mr. Hoss wherein they dared him to make a DMCA request to YouTube and promised to immediately dispute such request.

38. Mr. Hoss is entitled to recover from Defendants his actual damages as well as the profits of Defendants attributable to each of their infringements and not taken into account in computing actual damages, pursuant to 17 U.S.C. § 504(b); or, at Mr. Hoss's election, an award of statutory damages pursuant to 17 U.S.C. § 504(c) with respect to each of the infringements by Defendants of the Work.

39. Pursuant to 17 U.S.C. § 505, Mr. Hoss is also entitled to recover his costs and attorneys' fees from Defendants with respect to each infringement by Defendants of the Work.

40. As a result of Defendants' copyright infringements, Mr. Hoss has suffered, and will continue to suffer, irreparable injury not fully compensable in monetary damages, and is therefore entitled to an injunction enjoining Defendants from engaging in their infringing activities.

**WHEREFORE**, Mr. Hoss prays that the Court:

1. Find that Defendants have willfully and maliciously infringed Mr. Hoss's copyright in the Work;

2. Preliminarily and permanently enjoin Defendants, their officers, agents, employees, and related companies, and all persons acting for, with, by, through, or under them, from copying, reproducing, distributing, advertising, promoting, publicly displaying any work that is identical or substantially similar to or reproduces any portion of the Work;

3. (a) Award to Mr. Hoss, pursuant to 17 U.S.C. § 504(c), his actual damages incurred as a result of Defendants' acts of copyright infringement, and all profits Defendants realized as a result of such unlawful acts, in amounts to be determined at trial; or (b) In the alternative, with respect to the Work, award to Mr. Hoss, at his election, statutory damages pursuant to 17 U.S.C. § 504(c);

4. Award to Mr. Hoss, pursuant to 17 U.S.C. § 505, his costs and attorneys' fees incurred as a result of Defendants' unlawful acts; and

5. Grant such other and further relief as the Court deems necessary and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

Dated: New York, New York
April 26, 2016

_____
Tim Bukher (TB1984)
Benjamin S. Thompson (BT2176)
THOMPSON BUKHER LLP
75 Broad Street, Suite 2120
New York, NY 10004
P: (212) 920-6050
F: (646) 349-2366
tbukher@thomplegal.com

*Attorneys for Plaintiff*

**EXHIBIT 1**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**PAu 3-770-968**

**Effective Date of Registration:**
June 19, 2015

## Title

**Title of Work:** The Bold Guy & Horny Tony Volume 1

**Content Title:** Bold Guy 1 Flirt 1 Tough Girl

Bold Guy 2 Flirt 2 Beach girl

Bold Guy 3 Epic Arm Wrestler

Bold Guy 4 Flirt 3 Shady Girl

Bold Guy 5 Yoga Girl

Bold Guy 6 Flirt 5 MILF

Bold Guy 7 Flirt 5 Pillow Talk with MILF

Bold Guy 8 Son of a MILF

Bold Guy 9 Pillow Talk with Mystery Girl

Bold Guy 10 Dream Girl

Bold Guy 11 Pillow Talk with Dream Girl

Bold Guy 12 Parkour Girl

Bold Guy 13 Freestyle Dance Girl

Bold Guy 14 Pillow Talk with Freestyle Dance Girl

Bold Guy 15 Vampire Girl 1

Bold Guy 16 Vampire Girl 2

Bold Guy 17 Bisexual Girl

Bold Guy 18 Pillow Talk with Bisexual Girl

Bold Guy 19 Parkour, Philosophy, and the Bus Stop Girl

Bold Guy 20 Death

Bold Guy 21 Psychic Girl 2

Bold Guy 22 Horny Hannah's Vlog Bold Guy

Bold Guy 23 Horny Hannah's Search for the Bold Guy 1

Bold Guy 24 Horny Hannah's Search for the Bold Guy 2

Horny Tony 1 Horny Tony and the Hookers

Horny Tony 2 A Tale of Two Pussies

Horny Tony 3 Hug Rape

Horny Tony 4a Horny Tony and the Call Girl

Horny Tony 5 Horny Tony and a Horny Friend

Horny Tony 6 Horny Hannah's Desire 1

Horny Tony 7 Horny Hannah's Desire 2

Horny Tony 8 Horny Hannah's Got Game 1

Horny Tony 9 Horny Hannah's Got Game 2

Horny Tony 10 Psychic Girl 1

Horny Tony 4b Horny Tony and the Call Girl

## Completion/Publication

**Year of Completion:** 2015

## Author

- **Author:** Matt Hosseinzadeh
- **Author Created:** entire motion picture
- **Work made for hire:** No
- **Citizen of:** United States
- **Year Born:** 1977

## Copyright Claimant

**Copyright Claimant:** Matt Hosseinzadeh
5344 Circle Dr., Apt. 30, Sherman Oaks, CA, 91401, United States

## Rights and Permissions

**Name:** Matt Hosseinzadeh
**Email:** matt@matthoss.com
**Telephone:** (310)736-0020
**Address:** 5344 Circle Dr., Apt. 30
Sherman Oaks, CA 91401 United States

## Certification

          **Name:** Matt Hosseinzadeh
          **Date:** June 18, 2015

          **Correspondence:** Yes
  **Copyright Office notes:** Basis for Registration: unpublished collection.