Michael Lee (WL 6353)
Morrison & Lee LLP
1745 Broadway
17th Floor
New York, NY 10106
Telephone: (212) 858-9596
Attorney for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MATT HOSSEINZADEH,<br><br>                              *Plaintiff*,<br><br>          – vs –<br><br>ETHAN KLEIN and HILA KLEIN,<br><br>                              *Defendant*s. | **Civ. No**. **16-cv-3081 (KBF)** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

# TABLE OF CONTENTS

Table of Authorities ........................................................................................... ii

Introduction ...................................................................................................... 1

Relevant Factual Background ............................................................................ 2

Argument .......................................................................................................... 4

    I.   Plaintiff's Copyright Registration is Wholly Invalid ................................. 4

        A. Plaintiff Defectively Describes the Allegedly Infringed Video as Part of
           an "Unpublished Collection" ........................................................... 4

        B. The Copyright Registration is Invalid Because the Allegedly Infringed
           Video Cannot be Registered as an "Unpublished Collection ..................... 8

        C. Plaintiff Cannot Cure the Defective Copyright Registration in Order to
           Avoid Dismissal of the Amended Complaint ................................... 14

    II.  The Complaint Must be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) Because
        Plaintiff Lacks a Valid Copyright Registration ....................................... 16

Conclusion ....................................................................................................... 20

# TABLE OF AUTHORITIES

CASES

*Determined Productions, Inc. v. Koster*, No. C 92-1697 BAC,
1993 WL 120463 (N.D. Cal. Apr. 13, 1993)…………………………………………………………19

*Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*,
896 F. Supp. 2d 223 (S.D.N.Y. 2012)……………………………….........4, 7, 15, 16, 17, 19

*L.A. Printex Industries v. Aeropostale*, 676 F.3d 841 (9th Cir. 2012)………………………18, 19

*Neri v. Monroe*, 726 F.3d 989 (7th Cir. 2013)…………………………………………………………9

*Rogers v. Better Bus. Bureau of Metro. Houston, Inc.*, 887 F. Supp. 2d 722 (S.D. Tex. 2012)...16

STATUTES

37 C.F.R. § 202.3(b)(4)(i)(B)………………………………………………………………..8,9,14

17 U.S.C. §410(c)………………………………………………………………………………..18

OTHER AUTHORITY

U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES (3d ed. 2014)...15

UNITED STATES COPYRIGHT OFFICE, COMPENDIUM OF OFFICE PRACTICES II……………..7, 15, 17

## INTRODUCTION

Pursuant to and in accordance with the Federal Rules of Civil Procedure, this Memorandum of Law is respectfully submitted by defendants Ethan Klein and Hila Klein (hereinafter collectively referred to as "Defendants") in support of their motion to dismiss plaintiff Matt Hosseinzadeh's ("Plaintiff") Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Simply put, this case should have never been filed. In what is, in the best case scenario, an act of extreme negligence by Plaintiff and his counsel or, in the worst case scenario, a deliberate act of fraud on the Copyright Office and this Court, this case is predicated on a copyright registration fraught with fatal errors. Most outrageous, Plaintiff claims that the work at issue is part of an "unpublished collection" despite the fact that it was published some two (2) years prior to issuance of the copyright registration. As held by the Southern District of New York, a published work cannot be protected as part of an "unpublished collection" making Plaintiff's copyright registration invalid.

In August 2013, Plaintiff published a short video entitled "Bold Guy vs Parkour Girl" which features a character played by Plaintiff known as the "Bold Guy" trying to "pick up" a woman on the street.   In February 2015, Defendants published a 13:37 minute video, which featured 24 separate clips averaging 9.25 seconds of Plaintiff's video, commenting on and parodying the misogynist ramblings of the "Bold Guy." Despite this clearly being fair use, Plaintiff's counsel sent Defendants a cease and desist letter alleging copyright infringement with an already-drafted complaint and a demand of $3,750.

This demand letter and complaint were apparently drafted in much haste as it appears no one ever reviewed the alleged copyright registration. With just the simplest review, Plaintiff or his counsel should have noticed the video at the center of this lawsuit, claimed to be part of an

"unpublished collection," was actually published close to two (2) years prior to its registration. In fact, every video claimed as part of the "unpublished collection" was previously published with one video published some six (6) years before Plaintiff's registration was filed. This is just one of several incurable errors fatal to the copyright registration required to sustain this action.

As the copyright registration for the work at issue is invalid, this action cannot be maintained, and this case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## RELEVANT FACTUAL BACKGROUND

Defendants are popular husband and wife entertainers that produce original works of comedy and parody that can be found on the www.youtube.com website ("YouTube"). *See* Declaration of Ethan Klein in Support of Defendant's Motion to Dismiss the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Klein Dec.") at ¶ 3. A portion of Defendants' videos are produced in a format that has become known as "react" videos. "React" videos feature entertainers watching and then reacting to a video or other form of entertainment by providing commentary, jokes, and critiques about what they just witnessed. "React" videos have gained large audiences on YouTube and on traditional network television programs such as *The Soup* and *Tosh.O* and date back even further to such classic series such as *Mystery Science Theater 3000*.

Defendants operate two separate channels on YouTube. At the time of the filing of this case, Defendants' main channel, "h3h3Productions" had approximately 1.2 million subscribers; Defendants also operate a secondary smaller channel, "Ethan and Hila" which had approximately 300,000 subscribers at the time of the filing of the complaint. *Id*. at ¶ 4-5. On or about February 15, 2016, Defendants published a video on their secondary channel titled, "The Big, the BOLD, the Beautiful" ("Defendants' Video"). *Id.* at ¶ 6. Defendants' Video is 13:37 minutes long and

features Defendants' reacting to Plaintiff's video entitled, on YouTube, as "Bold Guy vs Parkour Girl" ("Allegedly Infringed Video") which was published on YouTube on August 11, 2013. *Id.* at ¶ 7; and Declaration of Michael Lee in Support of Defendant's Motion to Dismiss the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Lee Dec.") at ¶ 9. Of the 13:37 minutes of Defendants' Video, only 3:42 minutes combined over 24 separate clips of the Allegedly Infringed Video are broadcasted. Lee Dec. at ¶¶ 3-4. In fact, the longest clip of the Allegedly Infringed Video lasts merely 25 seconds. *Id.* at ¶ 5. The average uninterrupted runtime of the Allegedly Infringed Video is 9.25 seconds. *Id.* at ¶ 6.  If a viewer had any real interest in viewing the Allegedly Infringed Video, they would go directly to that video which is merely a mouse click away on YouTube instead of sitting through Defendants' constant interruptions and commentary regarding the Allegedly Infringed Video.

Defendants' use of the Allegedly Infringed Video falls well within the purviews of fair use. Plaintiffs have derived only a few hundred dollars from the publication of Defendants' Video until it was taken down. Klein Dec. at ¶ 9. On or about April 20, 2016, Plaintiff's counsel sent Defendants' counsel a cease and desist letter containing an already-drafted complaint with a demand for $3,750 to pay for the unnecessarily drafted complaint. Lee Dec. at ¶ 7. The parties then entered settlement discussions where it soon became clear that this lawsuit was motivated by factors other than remedying an act of alleged infringement such as seeking publicity and teaching Defendants a lesson. While in the middle of good-faith settlement discussions, Plaintiff filed a copyright takedown request of Defendants' Video on YouTube, even though the video had already been made private and was not accessible to the public at large. Klein Dec. at ¶¶ 8-10. Plaintiffs are still suffering the consequences of this unnecessary copyright strike today. *Id.* at ¶ 11.

In rushing this case into court, Plaintiff either knowingly or negligently filed the complaint relying on a wholly invalid copyright registration. Since Plaintiff does not own a valid copyright registration for the Allegedly Infringed Video, this case must be dismissed.

## ARGUMENT

I.     PLAINTIFF'S COPYRIGHT REGISTRATION IS WHOLLY INVALID

Plaintiff's copyright registration for the Allegedly Infringed Video is rife with errors and may even fail to claim the work at issue in this case. These inaccuracies give rise to irreparable material error that renders Plaintiff's copyright registration invalid.

The focus of this case is Plaintiff's copyright registration for "The Bold Guy & Horny Tony Volume 1" (US Copyright Reg. No. PAu 3-770-968) ("Copyright Registration"). Simply by possessing a certificate of copyright registration, Plaintiff is afforded a presumption that his copyright is valid. *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 229 (S.D.N.Y. 2012). This presumption, however, is rebuttable. *Id.* In the case at bar, this presumption is easily rebutted with a cursory review of the Copyright Registration

A.     Plaintiff Defectively Describes the Allegedly Infringed Video as Part of an "Unpublished Collection"

Plaintiff is relying upon an "unpublished collection" copyright registration. This designation is denoted by the "u" placed in the copyright registration number (PAu3-770-968). *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc*., 896 F. Supp. 2d 223, 225 (S.D.N.Y. 2012) ("The "u" [in the serial number] represents that the works are unpublished."). The Copyright Office noted the registration's claim to an "unpublished collection" at the bottom of the registration, seen below:



Plaintiff's First Amended Complaint and Jury Demand at Exhibit 1, *Hosseinzadeh v. Klein*, No. 16-cv-3081 (KBF), (S.D.N.Y. April 27, 2016).

However, Plaintiff improperly classified the work at issue as "unpublished". In fact, the Allegedly Infringed Video was published almost two (2) years prior to the issuance of the Copyright Registration. Wrongfully identifying published works as "unpublished" is a fundamental registration error necessitating the dismissal of this case.

The deemed effective date of a copyright registration is the day it was actually <u>received</u> by the Copyright Office, regardless of how long it took to process the application. *See* UNITED STATES COPYRIGHT OFFICE, REGISTERING A COPYRIGHT WITH THE U.S. COPYRIGHT OFFICE (April 2016), http://www.copyright.gov/fls/sl35.pdf. As seen on YouTube below, the Allegedly Infringed Video was published in 2013, well before the June 19, 2015 effective date of the Copyright Registration.



MattHossZone, *Bold Guy vs Parkour Girl*, YOUTUBE (August 11, 2013), https://www.youtube.com/watch?v=Dj4XAYhF0ok   [https://perma.cc/KA3G-W3S2].

The misclassification of the Allegedly Infringed Video as "unpublished" is not isolated to this one work; every single video claimed in the Copyright Registration was published well before Plaintiff's filing of the application. In fact, one video, "Bold Guy Picks Up Tough Girl," was first published in 2009, but in 2015, Plaintiff wrongfully claimed it was still "unpublished". *See* MattHossZone, *Bold Guy Picks Up Tough Girl*, YOUTUBE (July 11, 2011), https://youtu.be/dE6uTSrOKqU?t=4m6s [https://perma.cc/2BPL-LFLS]; *but see* Plaintiff's First Amended Complaint and Jury Demand at Exhibit 1, *Hosseinzadeh v. Klein*, No. 16-cv-3081 (KBF), (S.D.N.Y. April 27, 2016). A chart showing the original publication dates of the titles listed on the Copyright Registration is below:

*"The Bold Guy & Horny Tony Volume 1"*

| Title on YouTube | Title on Registration | Date of Publication |
|---|---|---|
| Bold Guy Picks Up Tough Girl | Bold Guy 1 Flirt 1 Tough Girl | 7/11/11 2009 notice in video |
| Bold Guy Picks Up Beach Girl | Bold Guy 2 Flirt 2 Beach Girl | 8/16/11 |
| Bold Guy vs Angry Guy ( + Parkour) | Bold Guy 3 Epic Arm Wrestler | 11/4/11 |
| Bold Guy vs Bitchy Girl | Bold Guy 4 Flirt 3 Shady Girl | 1/26/12 |
| Bold Guy Picks Up Yoga Girl (Complete & Uncut, 2012) | Bold Guy 5 Yoga Girl | April 2012 |
| Bold Guy Picks Up MILF | Bold Guy 6 Flirt 5 MILF | 9/15/12 |
| Pillow Talk with a MILF (Bold Guy) | Bold Guy 7 Flirt 5 Pillow Talk with MILF | 9/16/12 |
| Bold Guy Picks Up Girl During Parkour (Mystery Girl) | Bold Guy 8 Son of a MILF | 5/22/13 |
| Pillow Talk with Mystery Girl (Bold Guy) | Bold Guy 9 Pillow Talk with Mystery Girl | 1/9/13 |
| Bold Guy Picks Up Dream Girl | Bold Guy 10 Dream Girl | 5/1/13 |
| Pillow Talk with Dream Girl (Bold Guy) | Bold Guy 11 Pillow Talk with Mystery Girl | 5/7/13 |
| Bold Guy vs Parkour Girl | Bold Guy 12 Parkour Girl | 8/11/13 |
| Bold Guy vs Dance Girl (Freestyle Techno / House Battle) | Bold Guy 13 Freestyle Dance Girl | 10/12/13 |

| Pillow Talk with Dance Girl (Bold Guy) | Bold Guy 14 Pillow Talk with Freestyle Dance Girl | 10/30/13 |
|---|---|---|
| Bold Guy vs Vampire Girl (part 1) | Bold Guy 15 Vampire Girl 1 | 3/13/14 |
| Bold Guy vs Vampire Girl (part 2) | Bold Guy 16 Vampire Girl 2 | 3/20/14 |
| Bold Guy Picks Up Bisexual Girl | Bold Guy 17 Bisexual Girl | 7/3/14 |
| Pillow Talk with Bisexual Girl (Bold Guy) | Bold Guy 18 Pillow Talk with Bisexual Girl | 7/10/14 |
| Bold Guy Picks Up Girl During Parkour (Bus Stop Girl) | Bold Guy 19 Parkour, Philosophy, and the Bus Stop Girl | 8/21/14 |
| Bold Guy vs Death (Parkour) | Bold Guy 20 Death | 10/16/14 |
| Bold Guy & Horny Tony vs Psychic Girl (part 2) | Bold Guy 21 Psychic Girl 2 | 12/29/14 |
| The Bold Guy + Horny Hannah! | Bold Guy 22 Horny Hannah's Vlog Bold Guy | 3/5/15 |
| Horny Hannah's Search for the Bold Guy (part 1) | Bold Guy 23 Horny Hannah's Search for the Guy 1 | 3/13/15 |
| Bold Guy vs Tall Guy (Horny Hannah's Search part 2) | Bold Guy 23 Horny Hannah's Search for the Guy 2 | 3/20/15 |
| Horny Tony vs Working Girls | Horny Tony 1 Horny Tony and the Hookers | 3/10/12 |
| Horny Tony vs Really Weird Girl | Horny Tony 2 A Tale of Two Pussies | 7/6/12 |
| Hug Rape! (Horny Tony) | Horny Tony 3 Hug Rape | 10/26/12 |
| Horny Tony vs Call Girl (Complete & Uncut, 2013) | Horny Tony 4a Horny Tony and the Call Girl | March 2013 |
| Horny Tony vs Horny Hannah 1 | Horny Tony 5 Horny Tony and a Horny Friend | 7/5/13 |
| Horny Tony vs Horny Hannah 2 | Horny Tony 6 Horny Hannah's Desire 1 | 11/19/13 |
| Horny Tony vs Horny Hannah 3 | Horny Tony 7 Horny Hannah's Desire 2 | 11/26/13 |
| Horny Hannah's Got Game! (part 1, Horny Tony) | Horny Tony 8 Horny Hannah's Got Game 1 | 4/24/14 |
| Horny Hannah's Got Game! (part 2, Horny Tony) | Horny Tony 9 Horny Hannah's Got Game 2 | 5/1/14 |
| Bold Guy & Horny Tony vs Psychic Girl (part 1) | Horny Tony 10 Psychic Girl 1 | 12/22/14 |

*See* Declaration of Michael Lee in Support of Defendant's Motion to Dismiss the Amended Complaint ("Lee Dec.") at ¶ 9.

"Where the applicant seeks registration as an unpublished work and provides the Office with a statement of facts which clearly show that publication has occurred, the Office will not register a claim to copyright in the work as unpublished." *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 230 (S.D.N.Y. 2012) (*citing* UNITED STATES COPYRIGHT OFFICE, COMPENDIUM OF OFFICE PRACTICES II § 904(5)). Had Plaintiff disclosed that the

publication of the videos had already occurred, the Copyright Registration would never have been issued for this allegedly "unpublished collection."

      **B. The Copyright Registration is Invalid Because the Allegedly Infringed Video Cannot be Registered as an "Unpublished Collection"**

In order to save time and money instead of filing separate copyright registrations, some works can be filed as part of an "unpublished collection." However, the registration requirements for a work to be registered as part of an "unpublished collection" are quite rigid; the Allegedly Infringed Video does not meet these requirements and cannot be considered part of an unpublished collection.

A group of unpublished works may be registered as a single work, upon payment of a single registration fee, but only if it consists of "all copyrightable elements that are otherwise recognizable as self-contained works, and are combined in a single unpublished 'collection.'" 37 C.F.R. § 202.3(b)(4)(i)(B). A combination of such elements is considered a "unpublished collection" if:

(1) The elements are assembled in an orderly form;
(2) The combined elements bear a single title identifying the collection as a whole;
(3) The copyright claimant in all of the elements, and in the collection as a whole, is the same; and
(4) All of the elements are by the same author, or, if they are by different authors, at least one of the authors has contributed copyrightable authorship to each element.

37 C.F.R. § 202.3(b)(4)(i)(B).

As discussed in detail at section I(A) *infra*, the works claimed in the Copyright Registration are published, not unpublished, under the Copyright Act. Therefore the claimed works do not even meet the basic requirement of an "unpublished collection;" however, for the sake of argument, we shall analyze the other reasons why the Allegedly Infringed Video cannot be considered part of an "unpublished collection" below.

First, we turn to regulatory guidance. The key question in determining whether the elements are assembled in an orderly form under 37 C.F.R. § 202.3(b)(4)(i)(B)(1) is whether the submission is organized well enough to permit users and courts to pin down the information on which copyright enforcement depends. *Neri v. Monroe*, 726 F.3d 989, 992 (7th Cir. 2013). In the instant case, the information in the registration cannot be pinned down due to the ever-changing titles of the videos and the "collection's" inclusion of two distinctly different shows. The first video claimed on the Copyright Registration, "Bold Guy Flirt 1 Tough Girl," has at least three (3) different titles. In Plaintiff's own words, the video is about, "…the Bold Guy who goes up to a girl and says the most ridiculous and outrageous things. It was just a one shot, short film okay if you watch the original Bold Guy episode or technically just a short film the one with the tough girl it was originally called 'Flirt'…it was originally one short film and then became popular and now the channel is mostly known as the Bold Guy channel…" MattHossZone, *Matt Hoss Answers Your Questions 1 (Bold Guy, Horny Tony),* YOUTUBE (June 11, 2014), https://www.youtube.com/watch?v=A8j8i4iS1GQ&feature=youtu.be&t=2m35s [https://perma.cc/H6QL-C7HH]. This video is currently published on YouTube as "Bold Guy Picks Up Tough Girl" but neither this title nor "Flirt" even appear on the Copyright Registration; instead a new title "Bold Guy Flirt 1 Tough Girl" is claimed. *See* MattHossZone, *Bold Guy Picks Up Tough Girl*, YOUTUBE (July 11, 2011), https://youtu.be/dE6uTSrOKqU?t=4m6s [https://perma.cc/2BPL-LFLS]; *but see* Plaintiff's First Amended Complaint and Jury Demand at Exhibit 1. If Plaintiff can't even keep the titles of his videos straight, how is this Court supposed to know what is allegedly protected under the Copyright Registration?

When looking at the Copyright Registration, the video at issue in this case, "Bold Guy vs Parkour Girl" <u>does not even appear</u> on the Copyright Registration. *See* Plaintiff's First Amended

Complaint and Jury Demand at Exhibit 1, *Hosseinzadeh v. Klein*, No. 16-cv-3081 (KBF), (S.D.N.Y. April 27, 2016). A screen shot of the video as published on YouTube is below:



MattHossZone, *Bold Guy vs Parkour Girl*, YᴏᴜTᴜʙᴇ (August 11, 2013), https://www.youtube.com/watch?v=Dj4XAYhF0ok [https://perma.cc/KA3G-W3S2].

What <u>does</u> appear on the Copyright Registration are the titles "Bold Guy 12 Parkour Girl" and "Bold Guy 19 Parkour, Philosophy, and the Bus Stop Girl". *See* Plaintiff's First Amended Complaint and Jury Demand at Exhibit 1. Further, on Plaintiff's YouTube channel, there are five (5) different videos featuring a girl and parkour sequences, including at least three (3) videos where Plaintiff's character "picks up" a girl after exhibiting his parkour routine. MattHossZone, *The Bold Guy – Parkour Episodes,* YᴏᴜTᴜʙᴇ (Last updated May 2, 2016), https://www.youtube.com/playlist?list=PLIDjCGfx6MtxhSxGtIGQqMn8M4c6zR4FV [https://perma.cc/7HEU-DNGT]. In essence, Plaintiff can claim that any one of his five (5) videos that include parkour and a "girl" are protected by the imprecise Copyright Registration.

These gaffes continue as it is almost impossible to keep track of all the different names of the videos on the Copyright Registration. Each title appears to have up to three (3) different names

10

and none of the titles of the videos that appear on YouTube ever match up to the titles on the Copyright Registration. Some have slight differences but some have strikingly different titles.

*"The Bold Guy & Horny Tony Volume 1" – Title Variance*

| Title on YouTube | Title on Registration | Title Displayed in Video |
|---|---|---|
| Bold Guy Picks Up Tough Girl | Bold Guy 1 Flirt 1 Tough Girl | Flirt |
| Bold Guy Picks Up Beach Girl | Bold Guy 2 Flirt 2 Beach Girl | Flirt 2 |
| Bold Guy vs Angry Guy ( + Parkour) | Bold Guy 3 Epic Arm Wrestler | Epic Arm Wrestler |
| Bold Guy vs Bitchy Girl | Bold Guy 4 Flirt 3 Shady Girl | Flirt 3 |
| Bold Guy Picks Up Yoga Girl | Bold Guy 5 Yoga Girl | Yoga Girl |
| Bold Guy Picks Up MILF | Bold Guy 6 Flirt 5 MILF | Flirt 5: Motherly Love |
| Pillow Talk with a MILF (Bold Guy) | Bold Guy 7 Flirt 5 Pillow Talk with MILF | Flirt 5: Pillow Talk |
| Bold Guy Picks Up Girl During Parkour (Mystery Girl) | Bold Guy 8 Son of a MILF | Son of a MILF |
| Pillow Talk with Mystery Girl (Bold Guy) | Bold Guy 9 Pillow Talk with Mystery Girl | Pillow Talk with Mystery Girl |
| Bold Guy Picks Up Dream Girl | Bold Guy 10 Dream Girl | Dream Girl |
| Pillow Talk with Dream Girl (Bold Guy) | Bold Guy 11 Pillow Talk with Mystery Girl | Pillow Talk with Dream Girl |
| Bold Guy vs Parkour Girl | Bold Guy 12 Parkour Girl | Parkour Girl |
| Bold Guy vs Dance Girl (Freestyle Techno / House Battle) | Bold Guy 13 Freestyle Dance Girl | Freestyle Dance Girl |
| Pillow Talk with Dance Girl (Bold Guy) | Bold Guy 14 Pillow Talk with Freestyle Dance Girl | Pillow Talk with Freestyle Dance Girl |
| Bold Guy vs Vampire Girl (part 1) | Bold Guy 15 Vampire Girl 1 | Vampire Girl: Part 1 |

| Bold Guy vs Vampire Girl (part 2) | Bold Guy 16 Vampire Girl 2 | Vampire Girl: Part 2 |
|---|---|---|
| Bold Guy Picks Up Bisexual Girl | Bold Guy 17 Bisexual Girl | Bisexual Girl |
| Pillow Talk with Bisexual Girl (Bold Guy) | Bold Guy 18 Pillow Talk with Bisexual Girl | Pillow Talk with Bisexual Girl |
| Bold Guy Picks Up Girl During Parkour (Bus Stop Girl) | Bold Guy 19 Parkour, Philosophy, and the Bus Stop Girl | Parkour, Philosophy, and the Bus Stop Girl |
| Bold Guy vs Death (Parkour) | Bold Guy 20 Death | Death |
| Bold Guy & Horny Tony vs Psychic Girl (part 2) | Bold Guy 21 Psychic Girl 2 | Horny Tony, the Bold Guy, and the Psychic Girl: part 2 |
| The Bold Guy + Horny Hannah! | Bold Guy 22 Horny Hannah's Vlog Bold Guy | Horny Hannah's Vlog #274: The Bold Guy |
| Horny Hannah's Search for the Bold Guy (part 1) | Bold Guy 23 Horny Hannah's Search for the Guy 1 | Horny Hannah's Search for the Bold Guy: part 1 |
| Bold Guy vs Tall Guy (Horny Hannah's Search part 2) | Bold Guy 23 Horny Hannah's Search for the Guy 2 | Horny Hannah's Search for the Bold Guy: part 2 |
| Horny Tony vs Working Girls | Horny Tony 1 Horny Tony and the Hookers | Horny Tony and the Hookers |
| Horny Tony vs Really Weird Girl | Horny Tony 2 A Tale of Two Pussies | A Tale of Two Pussies |
| Hug Rape! (Horny Tony) | Horny Tony 3 Hug Rape | Hug Rape |
| Horny Tony vs Call Girl | Horny Tony 4a Horny Tony and the Call Girl | Horny Tony & the Call Girl |
| Horny Tony vs Horny Hannah 1 | Horny Tony 5 Horny Tony and a Horny Friend | Horny Tony & a Horny Friend |
| Horny Tony vs Horny Hannah 2 | Horny Tony 6 Horny Hannah's Desire 1 | Horny Hannah's Desire: part 1 |
| Horny Tony vs Horny Hannah 3 | Horny Tony 7 Horny Hannah's Desire 2 | Horny Hannah's Desire: part 2 |
| Horny Hannah's Got Game! (part 1, Horny Tony) | Horny Tony 8 Horny Hannah's Got Game 1 | Horny Hannah's Got Game: part 1 |
| Horny Hannah's Got Game! (part 2, Horny Tony) | Horny Tony 9 Horny Hannah's Got Game 2 | Horny Hannah's Got Game: part 2 |

| Bold Guy & Horny Tony vs Psychic Girl (part 1) | Horny Tony 10 Psychic Girl 1 | Horny Tony, the Bold Guy, and the Psychic Girl: part 1 |
|---|---|---|

*See* Declaration of Michael Lee in Support of Defendant's Motion to Dismiss the Amended Complaint ("Lee Dec.") at ¶ 9.

Adding to the confusion, Plaintiff appears to be joining two separate series on one copyright registration. The title of the Copyright Registration is "The Bold Guy & Horny Tony Volume 1" and consists of two separate series of videos. First, the Copyright Registration lists 24 episodes of the "Bold Guy" series. *See* Plaintiff's First Amended Complaint and Jury Demand at Exhibit 1. Second, the Copyright Registration lists 11 episodes of the "Horny Tony" series. *Id.* These are two distinct series of short motion pictures on Plaintiff's YouTube channel. *See* MattHossZone, *Playlists by MattHossZone*, YOUTUBE, https://www.youtube.com/user/MattHossZone/playlists [https://perma.cc/AVR5-Z4HK].

This distinction between the two series has been admitted by Plaintiff himself. As detailed by Plaintiff, "Bold Guy" and "Horny Tony" are different characters played by Plaintiff that exaggerate his personality. MattHossZone, *Matt Hoss Answers Your Questions 2 (Bold Guy, Horny Tony)*, YOUTUBE (June 13, 2014), https://www.youtube.com/watch?v=RccmqiwjKcI&feature=youtu.be&t=2m [https://perma.cc/3K29-NGW6]. One two-part video even features both characters interacting with a psychic. *See,* MattHossZone, *Bold Guy & Horny Tony vs Psychic Girl (part 1),* YOUTUBE (Dec. 22, 2014), https://www.youtube.com/watch?v=cAz2dzWBSc8 [https://perma.cc/YC2Q-SJGH]; *see also* MattHossZone, *Bold Guy & Horny Tony vs Psychic Girl (part 2),* YOUTUBE (Dec. 29, 2014), https://www.youtube.com/watch?v=le39kHTudKs [https://perma.cc/8SQ6-KA5A]. Plaintiff can't even keep these episodes straight as the first part of this episode is claimed as episode 10 of the "Horny Tony" series but the second part to this episode is claimed as episode 21

13

of "Bold Guy". *See* Plaintiff's First Amended Complaint and Jury Demand at Exhibit 1. Adding

to the confusion, Plaintiff distinguishes between the two series on his YouTube channel as seen

below.

The Bold Guy web series:
https://www.youtube.com/watch?v=hfFEd...

Horny Tony / Horny Hannah web series:
http://www.youtube.com/watch?v=gXhcL_...

> MattHossZone, *Bold Guy Picks Up Tough Girl*, YOUTUBE (July 11, 2011),
> https://youtu.be/dE6uTSrOKqU?t=4m6s   [https://perma.cc/2BPL-LFLS]   (video
> description linking to "Bold Guy" and "Horny Tony" web series).

In sum, Plaintiff already published each work claimed in his "unpublished collection"

registration and further failed to  assemble the claimed elements in an orderly form to pin down

what works are actually protected by the Copyright Registration as required by 37 C.F.R. §

202.3(b)(4)(i)(B). Plaintiff's flawed application and subsequent certificate of registration thus

cannot be part of a legally sufficient "unpublished collection."


C. Plaintiff Cannot Cure the Defective Copyright Registration in Order to Avoid
   Dismissal of the Amended Complaint

The mistakes made on the Copyright Registration are fatal and any attempt to cure such

defects by Plaintiff would fail. Accordingly, since the Copyright Registration is invalid and cannot

be cured, this case must be dismissed.

As established, the Allegedly Infringed Video was already published at the time of his

registration. *See* I(A), *infra.* As such, the Allegedly Infringed Video cannot qualify as an

"unpublished collection." In addition, Plaintiff cannot merely change its registration from an

"unpublished collection" to a "published collection".   The United States Copyright Office

Compendium goes on to list what a "published collection" entails, stating:

> The U.S. Copyright Office has established an administrative procedure that allows
> an applicant to register a number of works that were packaged or physically bundled
> together as a single unit by the claimant and first published on the same date. This
> is known as the "unit of publication" option. A registration issued under this option
> covers each work in the unit that is owned by the copyright claimant. A unit of
> publication is different from the unpublished collection option in that the works in
> the unit cannot be aggregated simply for the purpose of registration, but rather must
> have been first distributed to the public in the packaged unit. Moreover, a unit of
> publication is not a compilation of works, but rather a package of distinct and
> separate copies or phonorecords that are distributed to the public as a bundled unit.
> A unit may, however, contain a compilation or collective work, such as a CD of
> sound    recordings    packaged    with    cover    art    and    liner    notes,    etc.
>
> U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES,
> §1103 (3d ed. 2014) (emphasis added).

Hence, Plaintiff's works do not even qualify to be considered part of a "published

collection" as the works were neither packaged or physically bundled together as a single unit nor

published on the same day. Simply put, there is no conceivable way to interpret any of Plaintiff's

works as part of any statutorily defined nor administratively delineated collection ("published" or

"unpublished").

The Southern District of New York elaborated on the scenario such negligence creates,

stating, "…[w]here a published work was incorrectly registered as unpublished, a supplementary

registration is generally inappropriate, since the deposit requirements will not ordinarily have been

met. In such cases, a new basic registration should be made." *Family Dollar Stores Inc.* 896 F.Supp

3d. at 234 (*citing* United States Copyright Office, *COMPENDIUM OF OFFICE PRACTICES II* §

1507.07(a)).

Therefore, the "collection" registration cannot be fixed by merely changing the words "unpublished" to "published." Plaintiff would need to apply for a new copyright registration for the single Allegedly Infringed Video and commence a new action.

## II.     THE COMPLAINT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) BECAUSE PLAINTIFF LACKS A VALID COPYRIGHT REGISTRATION

For the many reasons stated above, the Copyright Registration is invalid and unable to be rectified by the filing of a supplemental registration with the Copyright Office. With neither a valid copyright registration nor the ability to obtain one, the Amended Complaint fails to state a claim upon which relief can be granted necessitating the dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(6).

It is settled law that "…a copyright alone is not sufficient to permit a suit for copyright infringement. A copyright holder may only sue for infringement of that copyright if it possesses a valid copyright registration." *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 229 (S.D.N.Y. 2012). This rationale is rooted in the federal Copyright Act, which states, in relevant part, that "…[n]o action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title". 17 U.S.C. § 411(a). While one must have a valid copyright to bring suit, "Copyrightability and compliance with statutory formalities…may be challenged and, if shown to be lacking, can serve as bases for invalidating a registered copyright." *Rogers v. Better Bus. Bureau of Metro. Houston, Inc*., 887 F. Supp. 2d 722, 728 (S.D. Tex. 2012).

This District has routinely declared copyright registrations invalid and dismissed cases involving previously published works improperly classified as "unpublished" on their application for copyright registration.

16

The Southern District of New York has the most on-point case law on this matter, with circumstances analogous to the facts of the instant case. In *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, this court found that plaintiff's claim of a previously published work on an application for an "unpublished collection" registration constituted a fundamental registration error that rendered Plaintiff's copyright registration invalid as to the already published work. 896 F. Supp. 2d 223, 229-31 (S.D.N.Y. 2012). There, plaintiff filed an "unpublished collection" copyright registration for nineteen fabric designs. *Id.* at 225. Plaintiff later brought suit against defendant for copyright infringement on one of the designs covered by the "unpublished collection" registration. *Id.* at 226. It was determined that thirteen of the nineteen designs claimed in the "unpublished collection" registration, including the design serving as the basis for the suit, had in fact been previously published by the plaintiff. *Id.* at 225. This court held "…[t]his prior publication…invalidate[s] the registration as to the previously published designs, including the one in the case at bar." *Id*. at 231.

Simplifying their argument, this court stated: "…a published design included in an unpublished collection copyright registration application cannot be registered as part of the collection." *Id.* at 230. The Copyright Office's *Compendium* buttresses this claim, stating that, "Where the applicant seeks registration as an unpublished work and provides the Office with a statement of facts which clearly show that publication has occurred, the Office will not register a claim to copyright in the work as unpublished." United States Copyright Office, COMPENDIUM OF OFFICE PRACTICES II § 904(5). Leaning on *Nimmer*, this court found that plaintiff's inclusion of thirteen previously published designs – including the one that was the basis for the lawsuit – in a collection of purportedly unpublished designs was a material error that rebutted the 17 U.S.C. §410(c) presumption of validity and did not satisfy the plaintiff's "valid registration" prerequisite

for a copyright infringement action. *Family Dollar*, 896 F. Supp. 2d at 234; *see also* 17 U.S.C. §410(c).

This court is not alone in invalidating "unpublished collection" copyright registrations with respect to previously published works claimed therein. In cases very similar to the facts of *Family Dollar,* courts have ruled that previously published works can not be protected as part of an allegedly "unpublished collection."

In *L.A. Printex Industries v. Aeropostale,* the plaintiff claimed that the defendant infringed one of its designs, which was registered in a single unpublished collection that contained a group of five floral designs. 676 F.3d 841, 845 (9th Cir. 2012), After filing the lawsuit, the plaintiff became aware that its copyright registration for the unpublished collection "contained an error": two of the designs had been published before the copyright's date of registration. *Id*. The plaintiff filed an application for a supplementary registration and "contacted the Copyright Office to ask about its registration of a single unpublished work that contained both published and unpublished designs." *Id*. "The Copyright Office told [the plaintiff] that the unpublished designs [which included the design at issue in the lawsuit] would retain copyright protection but that the previously published designs would not." *Id*. (emphasis added). Such is the case here: the previously published works would not be afforded protection under the original copyright registration. The court did, however, permit plaintiff to proceed on the infringement claim of the unpublished works contained on the original copyright registration.

The holding of *L.A. Printex* was distinguished by Judge McMahon in *Family Dollar*, where she noted that in *L.A. Printex*, the previously published works were not any of the works claimed to be infringed. Id. at 853-854; see also *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 230 (S.D.N.Y. 2012) (discussing at length the factual differences between

18

*Family Dollar* and *L.A. Printex*). The instant case is more analogous to *Family Dollar* since Plaintiff seeks to protect an unpublished work on the Copyright Registration even though the work was previously  published. The holding of both *L.A. Printex* and *Family Dollar* agree that previously published works contained on an "unpublished collection" are not entitled to protection by that copyright registration.

In another similar case, *Determined Productions, Inc. v. Koster*, the court dismissed a copyright infringement action against plaintiff toymaker who based his suit in an "unpublished collection" registration where each of the claimed works had in fact been previously published. No. C 92-1697 BAC, 1993 WL 120463, at *1 (N.D. Cal. Apr. 13, 1993). The court found that the applicant's error was a "fundamental registration error" that precluded advancement of the plaintiff's copyright claim. *Id.* at *1.

Here, the Allegedly Infringed Video was published prior to the registration of the unpublished collection at issue. As the case law demonstrates, like the published works part of unpublished collections in *Family Dollar*, *L.A. Printex*, and *Koster,* the Allegedly Infringed Video cannot be covered under the Copyright Registration. With no valid registration covering the Allegedly Infringed Video, the case must be dismissed.

## CONCLUSION

For the many reasons stated above, the work at issue is not an "unpublished work" and the the Copyright Registration, on its face is invalid. Therefore, Plaintiff cannot maintain this action and the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).


Date: <u>June 27, 2016</u>                                    **MORRISON & LEE LLP**

Michael Lee (WL 6353)
1745 Broadway
17th Floor
New York, NY 10106
Telephone: (212) 858-9596
Attorney for Defendant