UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATT HOSSEINZADEH,

                  *Plaintiffs*,

– against –

ETHAN KLEIN and HILA KLEIN,

                  *Defendant*s.

**Civ. Action No**.: 16-cv-3081 (KBF)
**ECF Case**

**DECLARATION OF MATT HOSSEINZADEH IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

MATT HOSSEINZADEH, hereby declares under penalty of perjury as prescribed by 28 U.S.C. § 1746:

1. I am a resident of the State of California. This declaration is submitted in opposition to the motion of defendant Ethan Klein ("**Mr. Klein**") and Hila Klein ("**Ms. Klein**") (collectively the "**Defendants**") to dismiss the Amended Complaint of plaintiff Matt Hosseinzadeh ("**Mr. Hoss**" or "**Plaintiff**").

2. This declaration is submitted on my own personal knowledge and after a review of any relevant documents.

3. I hereby incorporate by reference all of the allegations of my First Amended Complaint (Dkt. No. 9) as if fully restated herein.

4. I am a filmmaker.

5. I display my original creative film and music productions on my YouTube.com ("**YouTube**") channel "MattHossZone" (accessible at https://www.youtube.com/user/MattHossZone).

6. The MattHossZone serves as my artistic portfolio which, by public displaying my

creative work, I hope to garner the attention of professional film studios as a potential director and producer of feature works.

7. Online streaming via YouTube comprises my sole public display of my creative works including the individual work titled "Bold Guy 12 Parkour Girl" (the "**Work**") which is at issue in this matter.

8. To date, I have not distributed any of my work, including the Work, to the public for download by sale or other transfer of ownership, or by rental, lease, or lending.

9. Nor have I ever offered to distribute any of my work, including the Work, for purposes of further distribution, public performance, or public display.

10. I have registered and am the sole owner of the copyright and all other rights in and to the creative motion picture collection of works titled "The Bold Guy & Horny Tony Volume 1" (U.S. Copyright Reg. No. Pau 3-770-968) (the "**Collection**") which collection includes the individual Work.

11. A true and accurate copy of the registration certificate for the Collection (the "**Registration Certificate**") is annexed hereto at Exhibit A.

12. As part of the copyright registration process, I deposited my works to the Copyright Office in the form of Quicktime files of the full works comprising the Collection.

13. I initially sought to register the Collection as a collection of published works.

14. During the course of registering the Collection with the U.S. Copyright Office, I received email correspondence from Registration Specialist Gareth James of the U.S. Copyright Office inquiring about the publication date of the works forming the Collection.

15. True and accurate copies of my correspondence with the Copyright Office regarding the registration of the Collection are annexed hereto at Exhibit B.

16. In my correspondence with the Copyright Office, I was at all times forthcoming about the prior public display status of my works via YouTube.

17. As fully apparent from this correspondence, the Copyright Office encouraged me to register the Collection, and ultimately registered the Collection, as an unpublished collection with full knowledge of the publication status of all of the works forming the Collection because the Copyright Office does not consider YouTube streaming a "publication" within the meaning of the Copyright Act.

18. The Copyright Office issued the Registration Certificate in accordance with its own interpretation and guidance on the meaning of "publication" under the Copyright Act.

19. As detailed fully in the First Amended Complaint, on or about February 15, 2016, the Defendants published a video on their own YouTube channel that copied and displayed virtually all of my original Work which formed a part of the registered Collection (the "**Infringing Video**").

20. The Infringing Video featured the Defendants purporting to discuss the Work in what they believed to be a humorous manner but in fact reproduced virtually all of the Work as nothing more than a prop in the Defendants' comedy routine.

21. The Infringing Video was created and published without license from me.

22. I initially reached out to the Defendants by email to request that they remove the Infringing Video and cease future infringement of the Work.

23. The Defendants responded that they would not remove the Infringing Video, that the Infringing Video was a "fair use" under the Copyright Act, and that I should contact their lawyer.

24. At that point, I was forced to engage my own attorney to discuss the removal of

the Infringing Video with the Defendants' attorney.

25. During the course of these discussions, Defendants had refused to remove the Infringing Video from YouTube, instead designating it as a "private" video on YouTube.

26. Thus I issued YouTube a takedown notice pursuant to 17 U.S.C. § 512(c) (the Plaintiff's "**DMCA Takedown Notice**") in order to remove the unauthorized copies of my work which were still hosted on the Defendants' YouTube account.

27. The Defendants responded to the DMCA Takedown Notice by wrongfully filing a counter-notification with YouTube in which they affirmed under penalty of perjury that the Infringing Video was improperly removed because it was, among other reasons, a fair use and "noncommercial."

28. We were ultimately unable to reach an agreement with the Defendants to settle this matter, so I proceeded to file this action.

29. The Defendants responded to this action by posting a new video to their YouTube channel, "We're Being Sued,"[1] in which they proceeded to lambaste me, my copyright claims, and even my attorneys to their two million internet fans.

30. The Defendants' public actions have resulted in significant damage to my reputation, including an onslaught of threatening correspondence to myself from the Defendants' fans.

31. A true and accurate copy of a representative sample of some of the hateful statements directed to me by the Defendants' fans annexed hereto at <u>Exhibit C</u>.

32. Now the Defendants have moved to dismiss my First Amended Complaint on what they believe to be an improper registration by the Copyright Office despite the fact that I

---

[1] Ethan Klein and Hila Klein, "We're Being Sued," h3h3Productions, May 24, 2016, https://www.youtube.com/watch?v=fEGVOysbC8w

4

was following the Copyright Office's express advice and interpretation of the meaning of "publication" during the course of my copyright application process.

33. Respectfully, the Defendants' motion to dismiss my First Amended Complaint should be denied.

Dated: July 11, 2016

*Matt Hosseinzadeh*
8749365B4CD84C9...

Matt Hosseinzadeh