Michael Lee (WL 6353)
Morrison & Lee LLP
1745 Broadway
17th Floor
New York, NY 10106
Telephone: (212) 858-9596
Attorney for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATT HOSSEINZADEH,<br><br>      *Plaintiff*,<br><br>  – vs –<br><br>ETHAN KLEIN and HILA KLEIN,<br><br>      *Defendant*s. | **Civ. No. 16-cv-3081 (KBF)**<br><br>**DEFENDANTS ETHAN KLEIN AND HILA KLEIN'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

  Defendants Ethan Klein and Hila Klein (hereinafter collectively referred to as the "Defendants" or "Kleins") through their attorneys Morrison & Lee LLP, for their Answer to the Second Amended Complaint asserted by plaintiff Matt Hosseinzadeh (hereinafter referred to as "Plaintiff" or "Hoss") respectfully allege as follows:

  1. As to Paragraph 1, the Kleins admit that this is a civil action for copyright infringement but deny any violation of the Copyright Act, 17 U.S.C. § 101 et seq.

  2. The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 and, therefore, deny such allegations.

  3. As to Paragraph 3, the Kleins deny the allegations that Hoss has "a loyal and wide cult following" and that Hoss is a "recognized filmmaker;" and the Kleins deny having knowledge or information sufficient to form a belief and, therefore, deny each and every remaining allegation contained in Paragraph 3.

4.     As to Paragraph 4, the Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 and, therefore, deny such allegations because the term "Federal Southern District" is not defined.

5.     The Kleins admit the allegations contained in Paragraph 5.

6.     The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 and, therefore, deny such allegations.

7.     As to Paragraph 7, the Kleins admit that at one point they did reside in New York; the Kleins deny the allegations that they have "committed the infringing acts described herein, causing injury to Mr. Hoss in New York" and "expected or should reasonably have expected their infringing acts to have consequences in New York"; and the Kleins deny having knowledge or information sufficient to form a belief and, therefore, deny each and every remaining allegation contained in Paragraph 7.

8.     The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 and, therefore, deny such allegations.

9.     The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 and, therefore, deny such allegations.

10.    The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 and, therefore, deny such allegations.

11.    The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 and, therefore, deny such allegations.

12. The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 and, therefore, deny such allegations.

13. The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 and, therefore, deny such allegations.

14. The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 and, therefore, deny such allegations.

15. The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 and, therefore, deny such allegations.

16. As to Paragraph 16, the Kleins admit that "on or about February 15, 2016, Defendants published a video on their YouTube channel"; and the Kleins deny each and every remaining allegation contained in Paragraph 16.

17. The Kleins deny each and every allegation contained in Paragraph 17.

18. The Kleins deny each and every allegation contained in Paragraph 18.

19. The Kleins deny each and every allegation contained in Paragraph 19.

20. The Kleins deny each and every allegation contained in Paragraph 20.

21. The Kleins deny each and every allegation contained in Paragraph 21.

22. The Kleins deny each and every allegation contained in Paragraph 22.

23. The Kleins deny each and every allegation contained in Paragraph 23.

24. The Kleins admit that on April 2, 2016, Hoss emailed the Kleins; and The Kleins deny each and every remaining allegation contained in Paragraph 24.

25. The Kleins admit that on April 2, 2016, Mr. Klein emailed Hoss; and The Kleins deny each and every remaining allegation contained in Paragraph 25.

26. The Kleins deny each and every allegation contained in Paragraph 26.

27. The Kleins deny each and every allegation contained in Paragraph 27.

28. The Kleins deny each and every allegation contained in Paragraph 28.

29. The Kleins deny each and every allegation contained in Paragraph 29.

30. The Kleins deny each and every allegation contained in Paragraph 30.

31. The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 and, therefore, deny such allegations.

32. The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 and, therefore, deny such allegations.

33. As to Paragraph 33, the Kleins admit that "On or about April 26, 2016, [they] submitted to YouTube a counter notification"; and the Kleins deny the remaining allegations contained in Paragraph 33.

34. As to Paragraph 34, the Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 and, therefore, deny such allegations.

35. The Kleins deny each and every allegation contained in Paragraph 35.

36. The Kleins deny each and every allegation contained in Paragraph 36.

37. The Kleins deny each and every allegation contained in Paragraph 37.

38. As to Paragraph 38, the Kleins admit that "On May 24, 2016, [they] posted a new video to their YouTube channel entitled 'We're Being Sued'" and deny the remaining allegations contained in Paragraph 38.

39. The Kleins deny each and every allegation contained in Paragraph 39.

40. The Kleins deny each and every allegation contained in Paragraph 40.

41. As to Paragraph 41, the Kleins admit that they stated in the video "'several months passed and nothing happens, and then we get an email from [Mr. Hoss's] lawyer to [the Defendants' counsel]"; and deny the remaining allegations contained in Paragraph 41.

42. The Kleins deny each and every allegation contained in Paragraph 42.

43. As to Paragraph 43, the Kleins admit that, on April 2, 2016, "Mr. Hoss personally emailed"; and deny having knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 43.

44. As to the allegations contained in Paragraph 44, the Kleins admit that they responded to Hoss and deny the remaining allegations contained in Paragraph 44.

45. The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 and, therefore, deny such allegations.

46. The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 and, therefore, deny such allegations.

47. The Kleins deny each and every allegation contained in Paragraph 47.

48. The Kleins deny each and every allegation contained in Paragraph 48.

49. The Kleins deny each and every allegation contained in Paragraph 49.

50. The Kleins deny each and every allegation contained in Paragraph 50.

51. The Kleins deny each and every allegation contained in Paragraph 51.

52. The Kleins deny each and every allegation contained in Paragraph 52.

53. The Kleins repeat and reassert the preceding paragraphs in response to Paragraph 53.

54. The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54 and, therefore, deny such allegations.

55. The Kleins deny each and every allegation contained in Paragraph 55.

56. The Kleins deny each and every allegation contained in Paragraph 56.

57. The Kleins deny each and every allegation contained in Paragraph 57.

58. The Kleins deny each and every allegation contained in Paragraph 58.

59. The Kleins deny each and every allegation contained in Paragraph 59.

60. The Kleins deny each and every allegation contained in Paragraph 60.

61. The Kleins deny each and every allegation contained in Paragraph 61.

62. The Kleins deny each and every allegation contained in Paragraph 62.

63. The Kleins repeat and reassert the preceding paragraphs in response to Paragraph 63.

64. The Kleins deny each and every allegation contained in Paragraph 64.

65. The Kleins deny each and every allegation contained in Paragraph 65.

66. The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66 and, therefore, deny such allegations.

67. The Kleins deny having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67 and, therefore, deny such allegations.

68. The Kleins deny each and every allegation contained in Paragraph 68.

69. The Kleins deny each and every allegation contained in Paragraph 69.

70. The Kleins repeat and reassert the preceding paragraphs in response to Paragraph 70.

71. The Kleins deny each and every allegation contained in Paragraph 71.

72. The Kleins deny each and every allegation contained in Paragraph 72.

73. The Kleins deny each and every allegation contained in Paragraph 73.

74. The Kleins deny each and every allegation contained in Paragraph 74.

75. The Kleins deny each and every allegation contained in Paragraph 75.

76. The Kleins deny each and every allegation contained in Paragraph 76.

77. The Kleins deny each and every allegation contained in Paragraph 77.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

78. Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred by the applicable statute of limitations.

THIRD AFFIRMATIVE DEFENSE

80. Plaintiff has failed to plead claims with the requisite particularity.

FOURTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims are barred for lack of subject matter jurisdiction because he lacks valid copyright registrations for the intellectual property rights asserted, or has not properly or timely registered his works.

FIFTH AFFIRMATIVE DEFENSE

82. Plaintiff's copyrights are invalid and/or unenforceable.

SIXTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims should be dismissed due to lack of copyright infringement.

SEVENTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims are barred by the doctrine of fair use.

EIGTH AFFIRMATIVE DEFENSE

85. Plaintiff's claims are barred under the Digital Millennium Copyright Act, 17 U.S.C. § 512.

NINTH AFFIRMATIVE DEFENSE

86. Plaintiff's claims are barred by the doctrine of laches.

TENTH AFFIRMATIVE DEFENSE

87. Plaintiff's claims are barred by estoppel.

ELEVENTH AFFIRMATIVE DEFENSE

88. Plaintiff's claims are barred by the doctrine of unclean hands.

## TWELTH AFFIRMATIVE DEFENSE

89. Plaintiff's claims are barred by waiver.

## THIRTHEENTH AFFIRMATIVE DEFENSE

90. Plaintiff's claims should be dismissed due to lack of defamation.

## FOURTEENTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims should be dismissed due to the truth of the statements allegedly made by Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

92. Plaintiff's claims should be dismissed because Plaintiff due to lack of actual malice since Plaintiff is a public figure.

## SIXTEENTH AFFIRMATIVE DEFENSE

93. Plaintiff's claims should be dismissed due to qualified privilege.

## SEVENTEENTH AFFIRMATIVE DEFENSE

94. To the extent Plaintiff suffered any damages, which Defendants expressly deny, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

## EIGHTEENTH AFFIRMATIVE DEFENSE

95. Plaintiff's claims are barred to the extent he has forfeited or abandoned his intellectual property.

## NINETEENTH AFFIRMATIVE DEFENSE

96. Plaintiff's claims are barred by the doctrine of misuse of copyright.

## TWENTIETH AFFIRMATIVE DEFENSE

97. Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was in good faith and with non-willful intent, at all times.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

98. Plaintiff's claims are barred under 17 U.S.C. § 109 and the doctrine of exhaustion.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

99. Plaintiff's claims are barred as he is not entitled to request statutory damages and attorneys' fees.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

100. Plaintiff's claims are barred because the alleged damages, which Defendants expressly deny, were not caused by a volitional act attributable to Defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

101. Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

102. Plaintiff's claims are barred to the extent that Defendants' actions and speech are protected by the First Amendment to the Constitution of the United States.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

103. Defendants reserve the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

Wherefore, it is respectfully requested that Defendants be awarded the following:

I. Plaintiff's Second Amended Complaint be dismissed in its entirety;

II. Defendants be granted its costs, including reasonable attorneys' fees associated with defending the Second Amended Complaint; and

III. Defendants be awarded any such other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Defendants demand trial by jury in this action of all issues so triable.

Date: August 5, 2016

MORRISON & LEE LLP

_____
Michael Lee (WL 6353)
1745 Broadway
17th Floor
New York, NY 10106
Telephone: (212) 858-9596
Attorney for Defendants