# THOMPSON BUKHER LLP

75 Broad Street | Suite 2120 | New York, New York 10004 | 212.920.6050

Michael Feldberg
tel 646.770.0611 | fax 646.349.2366
mfeldberg@thomplegal.com

November 11, 2016

**VIA ECF**

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>Hosseinzadeh v. Klein, et al (16-cv-3081)</u>

Dear Judge Forrest:

  This firm represents the plaintiff Matt Hosseinzadeh ("**Plaintiff**") in the above-referenced matter. We write this letter pursuant to Rule 2(F) of the Court's Individual Rules. Plaintiff initiated this action to recover actual and/or statutory damages on claims of copyright infringement and defamation against defendants Ethan Klein and Hila Klein ("**Defendants**"). Plaintiff served his first set of discovery requests on Defendants on August 16, 2016 (attached hereto as <u>Exhibit A</u>). On September 16, 2016, Defendants produced their responses (attached hereto as <u>Exhibit B</u>).

  Defendants objected to virtually all of Plaintiff's document requests on relevance grounds and refused to produce responsive documents for the same. Many of the objected-to requests concern documents that are central to Plaintiff's claims, including Defendants' revenue generation (salient to Plaintiff's calculation of actual damages) and Defendants' public communications regarding the Plaintiff (salient to the claim for defamation as well as allegations of malicious and willful infringement). Accordingly, Plaintiff submits that the majority of Defendants' objections are meritless.

  The Second Circuit has adopted a liberal interpretation of relevance under FRCP 26, construing it to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" *Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Morse/Diesel, Inc. v. Fidelity & Deposit Co.*, 122 F.R.D. 447, 449 (S.D.N.Y. 1988) (term "reasonably calculated" in the quoted provision means "any possibility that the information sought may be relevant to the subject matter of the action") (internal quotations omitted). Additionally, Defendants' assertion of a fair use defense (see Dkt. 27 ¶ 84, Defendants' Answer) necessitates discovery into the purpose and character of their use of the allegedly infringed on material. *See Barclays Capital Inc. v. Theflyonthewall.Com*, 2010 U.S. Dist. LEXIS 65419, *13 (SDNY June 30, 2010).

**Plaintiff's Document Requests**:

- Request No. 3 requests documents regarding any other actual or alleged copyright infringement engaged in by Defendants and is relevant to the extent that Defendants' prior conduct speaks to their willfulness in this instance.

- Requests Nos. 4, 5, and 6 request communication and other documents, including tax filings, pertaining to revenue generated by the Defendants' YouTube channels and are relevant to the calculation of actual damages. Defendants' response consisted entirely of a single screenshot of their YouTube

Analytics page. (Exhibit C.) Defendants' production was grossly insufficient, considering the volume of data available to Defendants. For example, Plaintiff, who also maintains a YouTube channel, properly responded to Defendants' similarly structured request with over 40 pages of data. (Exhibit D.) Defendants should also be required to produce documentation related to advertisement revenue, including but not limited to that generated by Defendants' affiliation with the Freedom! and Omnia Co. ad networks. Defendants claim that they have no affiliation or membership in any third party ad network. Plaintiff's independent research suggests that Defendants are currently members of the Omnia Co ad network and former members of the Freedom! ad network.[1] (Exhibit E.)

- Request No. 9 requests communications and other documents pertaining to the creation of the Infringing and Defamatory Videos. This request is relevant for analysis of Plaintiff's copyright infringement claim and Defendants' fair use affirmative defense to the extent that such communications may speak to Defendants' willful and malicious conduct in creating the videos. The requested communications are also relevant to the identification of third party witnesses.

- Request No. 10 request work product associated with the Infringing and Defamatory Videos. Plaintiff is entitled to Defendants' files because all work product is "copy" and potentially infringing material under U.S. Copyright Law.

- Request No. 14 requests documents relating to Defendants' contention that Plaintiff's copyright registration is invalid (see Dkt. 27 ¶¶ 81-82, Defendants' Answer). If Defendants do not have such documents, then Defendants should affirm that no such documents exist and be precluded from later introduction of the same.

- Request Nos. 15 and 16 request communications by and between Defendants and any third party concerning or making reference to Plaintiff, the Infringing Video, or the Defamatory Video. The requested documents are relevant to Plaintiff's allegations that Defendants engaged in willful and malicious conduct and may lead to the identification of witnesses with knowledge of the same.

- Request No. 18 requests documents pertaining to Defendants' communications concerning their 17 U.S.C. §512 counter notification. The documents are relevant to Plaintiff's defamation claim and allegations of willful infringement.

- Request No. 19 calls for the production of a number of metrics regarding Defendants' YouTube channels as well as the Infringing and Defamatory Videos. The requested documents are relevant to Plaintiff's calculation of damages. As with Requests Nos. 4 through 6, Defendants' production consisted entirely of the same single screenshot of their YouTube Analytics page. (Exhibit B at 13.) Upon information and belief, based on the data available to Plaintiff who is in identical position to the Defendants as a YouTube channel owner, Defendants have ready access to a wealth of data responsive to Plaintiff's requests that far exceeds what they have produced. Defendants should be required to produce documents with the requested metrics during the relevant time period in any form that is available to them including, without limitation, the form of Plaintiff's production to Defendants (including responsive documents from their respective advertising affiliate networks).

- Request No. 20 calls for additional documents available via YouTube Analytics, indicating revenue generated by the Infringing Video, the Defamatory Video, and Defendants' YouTube channels. The requested documents are relevant to Plaintiff's calculation of damages. As with Requests Nos. 4 through 6, Defendants' production consisted entirely of the same single screenshot of their YouTube Analytics page. (Exhibit B at 13.) As noted in the above bullet, Defendants have ready access to a wealth of data responsive to Plaintiff's requests that far exceeds what they have produced. Defendants should produce documents indicating the daily breakdown of the requested datapoints during the relevant time period in any form that

---

[1] Ethan and Hila, *Censorship On YouTube: Part Two*, YouTube (Aug. 6, 2015), https://www.youtube.com/watch?v=E6lMeG8JGec (wherein Defendants discuss their affiliations).

is available to them including, without limitation, the form of Plaintiff's production to Defendants (including ad affiliate data).

- Request No. 21 requests the average weekly gross revenues generated by the Defendants' YouTube channels, including but not limited to advertising revenue. The requested documents are relevant to Plaintiff's calculation of damages.

- Requests Nos. 22 and 23 concern communications and other documents pertaining to the Fair Use Protection Account ("**FUPA**"), as well as documentation concerning parties with a relationship to FUPA. The requested documents are relevant to Plaintiff's calculation of damages, to the extent that the money raised by FUPA on behalf of the Defendants resulted from the press generated by the Defendants' violation of Plaintiff's copyrights, as well as potential additional claims against Defendants for fraudulent conveyance pursuant to NY Debtor and Creditor Law § 273-a (Conveyances by Defendants) if Defendants conveyed funds in which they were beneficiaries or had control to some new entity. During the parties' meet and confer, on October 17, 2016, Defendants stated that FUPA is an entirely independent entity that neither Defendants nor Defendants' counsel have any connection to, are neither beneficiaries nor trustees of, and have no legal interest or other involvement in such fund or entity. Plaintiff's independent research has discovered that Defendants and their counsel have a connection to FUPA, though the exact nature and extent of that connection remains unclear. The not-for-profit corporation known as "Fair Use Protection Association" was incorporated by Ethan Klein. (Exhibit F.) Upon information and belief, FUPA was conceived and operated by Defendants' counsel, Morrison Lee LLP. (Exhibit G.) Additionally, upon information and belief, FUPA was funded using proceeds from a GoFundMe.com fundraising account established by Phillip DeFranco ("**GoFundMe Account**"). (Exhibit H.) The GoFundMe Account was launched in direct response to this litigation, to the Defamatory video, and for the express purpose of raising money for legal fees incurred by Defendants in this action, with the Defendants listed as beneficiaries. (Exhibit I.) Additionally, Defendants and their counsel are managing FUPA together. (Exhibit J.) As of today, Defendants' counsel has removed the content previously hosted on their firm website at morrisonlee.com/fupa. (Exhibit K; compare to Exhibit G (previous version of the same webpage).)[2]

- Requests Nos. 24 and 25 concern communications and documents pertaining to Defendants' Patreon fundraising account and parties having any connection to the Patreon account. Defendants have raised money in connection with their business and this litigation through a number of funding sources, including Patreon. As detailed in the above-bullet, the requested documents are relevant to (i) Plaintiff's calculation of actual damages arising from copyright infringement; and (ii) a potential claim for Fraudulent Conveyance.

- Request No. 26 seeks documents sufficient to demonstrate the revenue and/or profits received by Defendants in connection with the Defendants' Channels and/or the instant litigation, to the extent not addressed by the other requests. Defendants should produce the requested documents indicating the daily breakdown of the requested datapoints during the relevant time period in any form that is available to them including, without limitation, the form of Plaintiff's production to Defendants.

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff respectfully moves for an order compelling Defendants to produce materials responsive to Plaintiff's document requests in the forms outlined above and for costs incurred in filing this motion, including reasonable attorneys' fees, as prescribed in Rule 37(a)(5). Plaintiff submits that such sanctions are justified in light of the Defendants' blanket refusal to produce requested documents that are, quite plainly, integral to the substance of this matter.

---

[2] Defense counsel's potential disqualification pursuant to the Lawyer as Witness Rule for their involvement in FUPA has no bearing on the relevance and production of the documents requested by Plaintiff.

      Pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 37.2, counsel for Plaintiff met and conferred with Defendants' counsel in a good faith effort to resolve the discovery matters that are the subject of this motion.

                                        Respectfully yours,
                                        /s/ Michael Feldberg
                                        Michael Feldberg

Cc: Tim Bukher, Esq., Thompson Bukher LLP (via electronic transmission); Michael Lee, Esq., Morrison Lee LLP (via electronic transmission); Allison Rothman, Esq., Morrison Lee LLP (via electronic transmission).

Encl.