

**Fox Rothschild** LLP
ATTORNEYS AT LAW

100 Park Avenue
New York, New York 10017
Tel (212) 878-7900
Fax (212) 692-0940
www.foxrothschild.com

CAROLINE A. MORGAN
Direct No: 646-601-7613
Email: CMorgan@FoxRothschild.com

November 30, 2016

**VIA ECF**

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: **Hosseinzadeh v. Klein, et al. (Case No. 16-cv-3081)**

      Defendants Ethan and Hila Klein (collectively, "Defendants") seek *ex parte* relief from this Court's order granting Plaintiff Matt Hosseinzadeh's ("Plaintiff") Motion to Compel ("Motion"). Plaintiff filed his Motion in bad faith. When Plaintiff met and conferred with Defendants' counsel, Defendants informed Plaintiff that Defendants would be transitioning counsel and was informed current counsel was not authorized to take any action on Defendants' behalf. Plaintiff capitalized on this situation by filing his Motion prior to the substitution process was complete. **Therefore, Defendants request the following relief:**

    (1)    **That this Court dissolve its November 17, 2016 Order granting Plaintiff's Motion ("11/17/16 Order");[1] or**

    (2)    **This Court stay its 11/17/16 Order until the substitution process is complete and Defendants' new counsel may properly address Plaintiff's Motion.**

---

[1] The 11/17/16 Order required compliance by November 30, 2016. Defendants' incoming counsel was not aware of the issue until November 23, 2016. Given the Thanksgiving holiday, the earliest Defendants could address this issue was November 28, 2016. Given the short timeframe, Defendants only option was to move for relief *ex parte*.

A Pennsylvania Limited Liability Partnership

California   Colorado   Connecticut   Delaware   District of Columbia   Florida
Illinois   Minnesota   Nevada   New Jersey   New York   Pennsylvania   Texas

ACTIVE\43405900.v1-11/30/16



Hon. Katherine B. Forrest
November 30, 2016
Page 2

On or around November 28, 2016, Plaintiff's counsel met and conferred with Defendants' counsel, Michael Lee, about the Motion. Declaration of Michael Lee ("Lee Decl."), ¶ 2. Mr. Lee informed Plaintiff's counsel that, on or around November 3, 2016, Defendants no longer wanted Mr. Lee and Allison Rothman (collectively, "Defendants Outgoing Counsel") to represent them and to not take any action on their behalf. *Id.* Additionally, Mr. Lee informed Plaintiff's counsel that Defendants were in the middle of the substitution process and if Plaintiff could refrain from filing his Motion until the process was complete. *Id.*

On November 11, 2016, Plaintiff filed his Motion.[2] By filing the Motion during Defendants' transition in counsel, Plaintiff sought to capitalize on the fact Defendants' Outgoing Counsel were not authorized to take any action of Defendants' behalf and Defendants' new counsel had yet to complete the substitution process.[3] **Therefore, Defendants' request that this Court dissolve the 11/17/16 Order on the grounds Plaintiff's Motion was filed in bad faith.**

**Alternatively, Defendants request this Court to stay enforcement of the 11/17/16 Order until Defendants can substitute counsel and new counsel may have time to properly oppose the Motion.**

Pursuant to Court Rule II.F.iii., Defendants were required to oppose Plaintiff's Motion by November 16, 2016. Defendants did not file an opposition on that date due to confusion over Defendants' substitution of counsel. Lee Decl., ¶ 3. As mentioned, Defendants' terminated their relationship with Defendants' Outgoing Counsel on November 3, 2016. Lee Decl., ¶ 2. Shortly thereafter, Defendants' incoming counsel, Jeffrey S. Kravitz and Rom Bar-Nissim (collectively, "Defendants' Incoming Counsel") ordered letters of good standing from the State Bar of California, which was necessary for them to apply for *pro hac vice* admission and substitute as Defendants' counsel. Declaration of Jeffrey S. Kravitz ("Kravitz Decl."), ¶ 2.

From November 5-15, 2016, Mr. Kravitz was in North Carolina preparing for and attending his son's wedding. Kravitz Decl., ¶ 3. On November 11, 2016 – the date Plaintiff filed

---

[2] Plaintiff did not file the Motion properly pursuant to this Court's rule ("Court Rule") I.B. Pursuant to that rule, "[w]hen counsel is seeking relief described in the second bullet of Local ECF Rule 13.1 [e.g. a Motion to Compel], counsel shall use the ECF filing event MOTION and then indicate that the motion is a LETTER-MOTION." Plaintiff filed his Motion merely as a "LETTER" event.

[3] As explained in further detail below, Defendants' incoming counsel was not aware of the issue until November 23, 2016. Given the Thanksgiving holiday, the earliest Defendants could address this issue was November 28, 2016. Given that the 11/17/16 order required compliance by November 30, 2016, Defendants only option was to move for relief *ex parte* due to the short timeframe.

ACTIVE\43405900.v1-11/30/16



Hon. Katherine B. Forrest
November 30, 2016
Page 3

his Motion, Ms. Rothman forwarded the filing notification to Mr. Kravitz only. Kravitz Decl., ¶ 3; Lee Decl., ¶ 4. Mr. Kravitz was immersed in preparing for his son's wedding – which was scheduled for Sunday, November 13, 2016. Kravitz Decl., ¶ 3. During this period, he did not notice the forwarded email. Kravitz Decl., ¶ 3.

On November 16, 2016, Defendants' Outgoing Counsel did not file an opposition to the Motion. Unbeknownst to Defendants' Incoming Counsel, Defendants had previously informed Defendants' Outgoing Counsel not to take any action on their behalf. Lee Decl., ¶ 2; Kravitz Decl., ¶ 4. By that date, Defendants' Incoming Counsel had not yet received their letters of good standing from the State Bar of California and, therefore, were not been able to file their applications for *pro hac vice* admission nor substitute in as counsel. Kravitz Decl., ¶ 5.

On November 17, 2016, Mr. Lee forwarded to Mr. Kravitz the notifications regarding the 11/17/16 and followed up on the substitution process. Lee Decl., ¶ 4. On November 18, 2016, Defendants' Incoming Counsel received their letters of good standings and, on November 21, 2016, filed their applications for *pro hac vice* admission. Kravitz Decl., ¶ 5. For reasons Defendants' Incoming Counsel seek to clarify, this Court rejected Defendants' Incoming Counsel's letters of good standing. *Id.*

On November 23, 2016, Defendants' Incoming Counsel initiated a telephonic meet and confer with Plaintiff's counsel on a separate issue. Declaration of Rom Bar-Nissim ("Bar-Nissim Decl."), ¶ 2. In a follow up email, opposing counsel mentioned the 11/17/16 Order. Bar-Nissim Decl., ¶ 3. Immediately thereafter, Mr. Bar-Nissim – who had not received any notification of the Motion or the 11/17/16 Order prior to opposing counsel's email - informed Mr. Kravitz and consulted with Defendants' Outgoing Counsel to receive clarification of what happened. *Id.* Defendants' Outgoing and Incoming Counsel coordinated their efforts on how to respond to the Motion and 11/17/16 Order. *Id.* As such, they jointly file this application for *ex parte* relief.

If the Court decides not to dissolve its 11/17/16 Order on the grounds stated above, **Defendants humbly request that this Court afford to stay enforcement of the 11/17/16 Order until Defendants' until approximately January 15, 2017**. *See* Fed. R. Civ. P. 6(b). The January 15, 2017 date is chosen due to the fact Mr. Bar-Nissim is in trial from November 28, 2016 until approximately December 9, 2016 and Mr. Kravitz is in trial from December 5, 2016 until December 15, 2016. Bar-Nissim Decl., ¶ 4; Kravitz Decl., ¶ 6. Shortly thereafter is the holidays. Defendants request this Court afford Defendants' Incoming Counsel to digest Plaintiff's discovery requests and prior responses in order properly respond and, if needs be, oppose Plaintiff's Motion.

ACTIVE\43405900.v1-11/30/16



Hon. Katherine B. Forrest
November 30, 2016
Page 4

      On November 28, 2016, Defendants' Outgoing and Incoming Counsel provided notice to Plaintiff's counsel of this *ex parte* application. Lee Decl., ¶ 5; Kravitz Decl., ¶ 7. Plaintiff's counsel informed Defendants that Plaintiff would like to see what additional documents were needed before a motion was filed. Plaintiff filed a motion instead, which we would like to oppose.

Sincerely,

Caroline A. Morgan
Fox Rothschild LLP