

1800 Century Park East, Suite 200
Los Angeles, California 90067-1506
Tel  310-598-4150
Fax 310-556-9828
www.foxrothschild.com

JEFFREY S. KRAVITZ
Direct No:  310-598-4162
Email: JSKravitz@FoxRothschild.com

<u>**VIA ECF**</u>

December 16, 2016

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  <u>**Hosseinzadeh v. Klein, et al. (Case No. 16-cv-3081) (KBF)**</u>

Dear Judge Forrest,

Defendants Ethan and Hila Klein ("Defendants") respectfully ask for the Court's permission to file a DVD containing three videos in support of Defendants' concurrently filed Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) ("Motion").  The DVD contains a digital copy of the three YouTube videos at issue in Plaintiff Matt Hosseinzadeh's ("Plaintiff") Second Amended Complaint ("SAC"): (1) Plaintiff's short film *Bold Guy vs. Parkour Girl* (the "Work"); (2) Defendants' reaction video to the Work, entitled *The Big, the BOLD, the Beautiful* ("Critique Video"); and (3) Defendants' video *We're Being Sued* ("Lawsuit Video").  All three videos have been incorporated by reference in Plaintiff's SAC.

On a Rule 12(c) motion, like a Rule 12(b)(6) motion, it is appropriate for the Court to consider "documents appended to the complaint or ***incorporated in the complaint by reference*** …." *Goel v. Bunge, Ltd*., 820 F.3d 554, 559 (2d Cir. 2016) (emphasis added; internal ellipsis omitted) (quoting *Concord Assocs., L.P. v. Entm't Props. Tr.,* 817 F.3d 46, 51 n. 2 (2d Cir.2016)); *see also TCA Television Corp. v. McCollum*, 839 F. 3d 168, 172 (2nd Cir. 2016).

Moreover, the Second Circuit has recognized that "in some cases, a document not expressly incorporated by reference in the complaint is nevertheless ***'integral' to the complaint*** and, accordingly, a ***fair object of consideration on a motion to dismiss***.  A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" *Goel,* 820 F.3d

A Pennsylvania Limited Liability Partnership

California    Colorado    Connecticut    Delaware    District of Columbia    Florida
Illinois    Minnesota    Nevada    New Jersey    New York    Pennsylvania    Texas



Hon. Katherine B. Forrest
December 16, 2016
Page 2

at 559 (emphasis added) (quoting *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir.2002)).

   Courts have routinely incorporated by reference audiovisual works to determine copyright infringement or libel claims at the pleading stage. *See e.g., Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 691-92 (7th Cir. 2012) (incorporating by reference a television episode and a YouTube video to determine fair use on a 12(b)(6) motion); *Adjmi v. DLT Entm't Ltd.,* 97 F. Supp. 3d 512, 516 (S.D.N.Y. 2015) (incorporating by reference the nine seasons of the television show *Three's Company* to determine fair use on a Rule 12(c) motion); *Burnett v. Twentieth Century Fox,* 491 F. Supp. 2d 962, 966 (C.D. Cal. 2007) (incorporating by reference two television shows to determine fair use on a 12(b)(6) motion); *Zella v. E.W. Scripps Co.,* 529 F. Supp. 2d 1124, 1131–32 (C.D. Cal. 2007) (incorporating by reference television episodes to determine copyright infringement claim on a 12(b)(6) motion); *Daly v. Viacom,* 238 F. Supp. 2d 1118, 1121–22 (N.D. Cal. 2002) (incorporating by reference a television program to determine libel and other state law claims on a 12(b)(6) motion); *see also Condit v. Dunne*, 317 F. Supp. 2d 344, 357 (finding audio recordings containing allegedly defamatory statements were incorporated by reference).

   The Seventh Circuit explained the rationale behind employing the incorporation by reference doctrine in a copyright infringement case where fair use was at issue:

> In effect, the incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment. The doctrine prevents a plaintiff from "evading dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proves his claim has no merit."

*Brownmark,* 682 F.3d at 690 (quoting *Tierney v. Vahle,* 304 F.3d 734, 738 (7th Cir. 2002)).  The Seventh Circuit went on to state: "[I]t makes eminently good sense to extend the doctrine to cover [audio-visual] works, especially in light of technological changes that have occasioned widespread production of audio-visual works." *Id.* at 691.

   Here, all three videos are expressly referenced in the SAC.  Furthermore, Plaintiff's Work and Defendants' Critique Video are integral to Plaintiff's copyright infringement claim. Defendants' Lawsuit Video is integral to Plaintiff's defamation claim, since it contains the alleged defamatory statement and provides the context of the alleged defamatory statement, which the law requires. *See Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp. 3d



Hon. Katherine B. Forrest
December 16, 2016
Page 3

219, 233 (S.D.N.Y. 2015) (holding that "[t]he accuracy of the [alleged defamatory] report should be assessed on the publication as a whole….") (quoting *Karedes v. Ackerley Grp.,* 423 F.3d 107, 114 (2d Cir. 1986)).

        For the aforementioned reasons, Defendants respectfully request this Court to grant them leave to file their DVD containing the three videos in support of their concurrently filed Motion.

        Thank you for your consideration

Sincerely,

Jeffrey S. Kravitz
Fox Rothschild LLP

cc:     Tim Bukher, Esq., (Thompson Bukher LLP) (Via ECF)
        Michael Feldberg, Esq. (Thompson Bukher LLP) (Via ECF)
        Jeffrey S. Kravitz, Esq. (Fox Rothschild LLP) (Via ECF)
        Rom Bar-Nissim, Esq. (Fox Rothschild LLP) (Via ECF)