

1800 Century Park East
Suite 300
Los Angeles, CA 90067-1506
Tel (310) 598-4150
Fax (310) 556-9828
www.foxrothschild.com

JEFFREY S. KRAVITZ
Direct No:  310-598-4162
Email: JSKravitz@FoxRothschild.com
ROM BAR-NISSIM
Direct No:  424-249-1750
Email: RBar-Nissim@FoxRothschild.com

December 20, 2016

**VIA ECF**

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **Hosseinzadeh v. Klein, et al. (Case No. 16-cv-3081 (KBF))**

Dear Judge Forrest,

  We write in response to Plaintiff Matt Hosseinzadeh's ("Plaintiff") providing us notice of his intent to file a Motion for Rule 11 Sanctions ("Motion"), which was sent to us on December 1, 2016. In his notice, Plaintiff took issue with statements made in Defendants Ethan and Hila Klein's (collectively, "Defendants") *ex parte* application to vacate Plaintiff's unopposed motion to compel. [*See* Dkt. #38] Specifically, Plaintiff took issue with Defendants assertion that his motion to compel was filed in bad faith because his counsel was aware Defendants were substituting counsel at that time. To address Plaintiff's concerns, we write this court to clarify the situation in light of subsequently discovered facts.

  Defendants' incoming counsel, Rom Bar-Nissim, was made aware of the November 17, 2016 Order ("Order") [*See* Dkt. #32] for the first time on November 22, 2016. He immediately informed Defendants' incoming counsel, Jeff Kravitz (collectively, "Defendants' Incoming Counsel"). Defendants' Incoming Counsel sought clarification on why Plaintiff's Motion to Compel was not opposed by Defendants' Outgoing Counsel, Michael Lee, Esq., and Alison Rothman, Esq. – who were counsel of record at the time. For the first time, Defendants' Outgoing Counsel informed Defendants' Incoming Counsel that Defendants instructed their

A Pennsylvania Limited Liability Partnership

California Colorado Connecticut Delaware District of Columbia Florida
Illinois Minnesota Nevada New Jersey New York Pennsylvania Texas

ACTIVE\43600735.v3



Hon. Katherine B. Forrest
December 20, 2016
Page 2

Outgoing Counsel not to perform any actions on their behalf. Defendants dispute this statement. Regardless of whether such instructions were given, Defendants' Incoming Counsel believes that Defendants' Outgoing Counsel were still required to take action to oppose the motion to compel under New York Rule of Professional Conduct 1.16(e).  Furthermore, Defendants' Outgoing Counsel never informed Defendants of the Motion to Compel.

Immediately upon learning of the Order, Defendants' Incoming Counsel took steps to vacate the Court's Order granting Plaintiff's motion to compel. In order to properly vacate the Order, Defendants' Incoming Counsel sought clarification from Outgoing Counsel regarding whether they informed Plaintiff's counsel of the transition and whether Plaintiff's counsel met and conferred with Outgoing Counsel regarding Plaintiff's motion to compel. Unfortunately, Defendants' Outgoing Counsel declined to speak with Defendants' Incoming Counsel until after the Thanksgiving holiday on Monday, November 28, 2016.

Due to the time constraints of vacating the Order and because of difficulties in communication with prior counsel, Mr. Bar-Nissim, prepared two draft versions of the *ex parte* papers in order to address both the scenario where Plaintiff's counsel had met and conferred with Outgoing Counsel and was informed of the transition, and another version where no meet and confer had occurred. He prepared these two versions because he was beginning trial in an unrelated matter on November 28, 2016 and would not be available to review and rework the *ex parte* papers once the facts were ascertained. He sent drafts of the *ex parte* papers and accompanying declarations to Outgoing Counsel explicitly requesting they make any edits they thought necessary and proper.

On Monday, November 28, 2016, Defendants' Outgoing Counsel contacted Mr. Kravitz and informed him that a meet and confer did occur and Plaintiff's counsel was later informed of the transition. Defendants' Outgoing Counsel edited the *ex parte* papers in order to conform it to the actual facts. Defendants' Outgoing Counsel did not clarify that they informed Plaintiff's counsel of the transition only *after* the Order issued. Nor did they point to any other inaccuracies in the *ex parte* papers. By not editing the statements made about when Defendants' Outgoing Counsel informed Plaintiff's counsel of the transition or any other edits, Defendants' Outgoing Counsel gave Defendants' Incoming Counsel the erroneous impression that the statements made in Defendants' *ex parte* papers were correct and that Plaintiff filed his motion to compel knowing that Defendants' were transitioning counsel.

Defendants' Incoming Counsel requested that the *ex parte* papers be filed through Defendants Outgoing Counsel, who were still counsel of record and Defendants' Incoming Counsel did not want there to be any issues about the validity of the filing. Defendant's Outgoing Counsel declined to do so thus requiring Defendants' Incoming Counsel to handle the filing.

ACTIVE\43600735.v3



Hon. Katherine B. Forrest
December 20, 2016
Page 3

      Upon discovering from the clients that Defendants had not informed Defendants' Outgoing Counsel to refrain from taking any action on Defendants' behalf and that Plaintiff's counsel was informed of the transition only after the Order was issued, Defendants' Incoming Counsel realized that some of the statements made in Defendants' *ex parte* papers were incorrect. These statements were not willful misrepresentations but made in reliance on Defendants' Outgoing Counsel's representations to Defendants' Incoming Counsel, Defendants' Outgoing Counsel edited Defendants' *ex parte* papers to conform to what Defendants' Incoming Counsel were led to believe was the truth.

      Defendants' Incoming Counsel submits this letter to demonstrate Plaintiff did not file his motion to compel in bad faith or to capitalize on the transition of counsel. Rather, the representations made in Defendants' *ex parte* papers were due to the erroneous information provided to them.

      Thank you very much for your consideration.

Sincerely,

*[signature: Jeffrey S. Kravitz]*

Jeffrey S. Kravitz

cc:    Rom Bar-Nissim
       Caroline Morgan
       Conrad Wilton
       Tim Bukher (Thompson Bukher, LLP)
       Michael Felberg (Thompson Bukher, LLP)