UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
MATT HOSSEINZADEH,                                            :
:
                    Plaintiff,                  :
:
            -v-                                    :      16-cv-3081 (KBF)
:
ETHAN KLEIN and HILA KLEIN,                                   :      ORDER
:
                   Defendants.                 :
:
------------------------------------------------------------- X

|  |  |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: _____ | |
| DATE FILED: January 18, 2017 | |

KATHERINE B. FORREST, District Judge:

      Before the Court is a motion by defendants for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Defendants argue that it is clear from the face of the complaint that their copying of plaintiff's work constituted fair use (an affirmative defense), requiring dismissal of his claims. (ECF No. 53.) Plaintiff has cross-moved, arguing that the fair-use defense fails as a matter of law and based on the pleadings alone. (ECF No. 61.) For the following reasons, both motions are DENIED.

      "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted). The Court must accept as true all factual allegations contained in the complaint and draw all reasonable inferences in the non-moving party's favor. Bank of New York v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). "To

survive a Rule 12(c) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Fair use, an affirmative defense to copyright infringement allegations, "is a judicially created doctrine . . . first explicitly recognized in statute in the Copyright Act of 1976."  On Davis v. The Gap, Inc., 246 F.3d 152, 173 (2d Cir. 2001).  The Copyright Act specifies four non-exhaustive factors that courts must consider in determining whether "the use of a work in any particular case" is fair use:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.  Courts weigh these factors in "an open-ended and context-sensitive inquiry[.]"  Blanch v. Koons, 467 F.3d 244, 251 (2d Cir. 2006).  This task "is not to be simplified with bright-line rules, for the statute . . . calls for case-by-case

analysis." Id. (quoting Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 577 (1994)).

Defendants' fair-use defense is not susceptible to determination on the present pleadings alone.  It is dispositive in this regard that the Court cannot evaluate whether all <u>four</u> factors—taken collectively—support the defense.  There are simply insufficient allegations that address each element adequately.  No one factor is determinative.  See Blanch, 467 F.3d at 251.  Thus, whether the allegedly infringing work is transformative does not end the inquiry, nor does the quantum of the work copied.  The allegations leave open the question of commercial impact.  See TCA Television Corp. v. McCollum, 839 F.3d 168, 186 (2d Cir. 2016).  Because fair use is an affirmative defense, the pleadings need not address this factor in the necessary detail.

Both motions for judgment on the pleadings are therefore DENIED, with specific invitation for the parties to bring early summary judgment motions when the record has been developed.[1]

If the parties intend to file for summary judgment on a fair-use defense or any other issue, they must do so not later than the original summary judgment deadline of **February 13, 2017**.[2]  The Court does not require the parties to

---

[1] The Court expects one or both parties will move for summary judgment in the relatively near future.  The Court will therefore not issue a separate opinion on the defamation or Digital Millennium Copyright Act issues except to say, (1) those claims are exceptionally weak, and (2) defendants should simply cut and paste their arguments as to those claims into any summary judgment motion.

[2] The Court notes that plaintiff is scheduled to submit a reply in support of his Rule 12(c) motion on January 20, 2017.  If plaintiff chooses to submit a reply, the Court will review it and rule whether the reply affects the outcome.

completely rewrite their submissions; the parties may resubmit as much or as little of the present briefing as they deem appropriate on a motion under Rule 56.

The Clerk of Court is directed to terminate the motions at ECF Nos. 53, 61, and 74.

SO ORDERED.

Dated:   New York, New York
         January 18, 2017

_____
KATHERINE B. FORREST
United States District Judge