Caroline A. Morgan
Fox Rothschild LLP
100 Park Avenue, 15th Fl.
New York, NY 10017
Telephone: 212-878-7900

Jeffrey S. Kravitz (admitted *pro hac vice*)
Rom Bar-Nissim (admitted *pro hac vice*)
Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067-1506
Telephone:  310-598-4150
Attorneys for Defendants

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATT HOSSEINZADEH,<br><br>                    *Plaintiff,*<br><br>– vs –<br><br>ETHAN KLEIN and HILA KLEIN,<br><br>                    *Defendants.* | **Civ. Action No.:** 16-cv-3081 (KBF)<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Fed. R. Civ. Proc. 56(c)(2), Defendants Ethan and Hila Klein (collectively, "Defendants") object to the following evidence offered by Plaintiff Matt Hosseinzadeh ("Plaintiff") in support of his Motion for Partial Summary Judgment.

    1.    **Declaration of Plaintiff: Paragraph 23 in its Entirety**

Paragraph 23 of Plaintiff's declaration is inadmissible for lack of personal knowledge under Fed. R. Evid. 602. Rule 602 states: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Plaintiff testifies that: "When a YouTube user watches nearly the entirety of my Work on one YouTube channel, such as the Defendants' channel, such a user is unlikely to then re-watch the same Work

on my YouTube channel – this is simply a matter of how YouTube and human tastes work." Plaintiff is testifying to the behavior of third-parties watching his content on someone else's channel, particularly Defendants channel, instead of his YouTube channel. But Plaintiff testified at his deposition that he has no knowledge of anyone viewing Defendants' video *The Big, The BOLD, The Beautiful* ("Critique Video") instead of his video *Bold Guy vs. Parkour Girl* ("Work"). *See* Exhibit 1 (Deposition of Matt Hosseinzadeh, dated January 4, 2017), 147:10-149:20.

2. **Declaration of Plaintiff: Paragraph 28 – "each full view of a video adds to the probability that YouTube's proprietary video promotion algorithm will promote that video to non-subscribing users as a video worth watching."**

Plaintiff's testimony constitutes inadmissible expert opinion under Fed. R. Evid. 701 and 702. Plaintiff's testimony concerns the mechanics of YouTube's proprietary algorithm. Fed. R. Evid. 701 prohibits Plaintiff from providing lay opinion testimony on the mechanics of YouTube's proprietary algorithm because it involves "scientific, technical or other specialized knowledge." Such testimony requires being qualified as an expert under Fed. R. Evid. 702. Plaintiff is not qualified to testify on such matters because he has no education or experience as a software engineer, let alone working at Google. Plaintiff's post-secondary education is in film production and business only. He has never worked at YouTube. Rather, Plaintiff currently works a part time pizza delivery driver and his work experience has been in retail and as a driving instructor. *See* Exhibit 1 (Deposition of Matt Hosseinzadeh, dated January 4, 2017), 16:16-17:1, 19:1-19:8, 27:17-36:10, 39:1-46:16.

3. **Declaration of Plaintiff: Paragraph 29 in its Entirety.**

Plaintiff's testimony constitutes inadmissible expert opinion under Fed. R. Evid. 701 and 702. Plaintiff's testimony concerns the mechanics of YouTube's proprietary algorithm. Fed. R.

Evid. 701 prohibits Plaintiff from providing lay opinion testimony on the mechanics of YouTube's proprietary algorithm a because it involves "scientific, technical or other specialized knowledge." Such testimony requires being qualified as an expert under Fed. R. Evid. 702. Plaintiff is not qualified to testify on such matters because he has no education or experience as a software engineer, let alone working at Google. Plaintiff's post-secondary education is in film production and business only. He has never worked at YouTube. Rather, Plaintiff currently works a part time pizza delivery driver and his work experience has been in retail and as a driving instructor. *See* Exhibit 1 (Deposition of Matt Hosseinzadeh, dated January 4, 2017), 16:16-17:1, 19:1-19:8, 27:17-36:10, 39:1-46:16.

### 4. Exhibit 22: Any emails by Susana Navearette and Scott Chisholm

Exhibit 22 is inadmissible hearsay under Fed. R. Evid. 802 to which there is no exception. Exhibit 22 contains two emails. The first email is by Susana Navearette from Network for One. She offers Plaintiff "$7,400 USD for an investment in the ad space on some of your videos. We are not an MCN and are not looking for a revenue share of the content. What we do is an outright buy of the YouTube advertising rights to videos." The second email is from Scott Chisholm from GetDATS.com offering to pay Plaintiff $250 to use his song "Mechanical Funeral" in an online promotional video." Plaintiff offers these third-party emails to prove that "Plaintiff had in several instances received requests to either license the advertising space to his work (outside of YouTube advertising) and to license the use of the original music in his work." Plaintiff's Local Rule 56.1 Separate Statement of Undisputed Facts, ¶ 87. As such, these emails constitute inadmissible hearsay because they are out of court statements used "to prove the truth of the matter asserted in the statements." *See* Fed. R. Evid. 801(c); 802.

/ / /

DATED:  February 27, 2017 **FOX ROTHSCHILD LLP**

By: /s/ Rom Bar-Nissim
    Caroline A. Morgan
    Fox Rothschild LLP
    100 Park Avenue, 15th Fl.
    New York, NY 10017
    Telephone: 212-878-7900
    Fax: 212-692-0940

    Jeffrey S. Kravitz (admitted *pro hac vice*)
    Rom Bar-Nissim (admitted *pro hac vice*)
    Fox Rothschild LLP
    1800 Century Park East, Suite 300
    Los Angeles, CA 90067-1506
    Telephone: 310-598-4150
    Facsimile: 310-556-9828
    Attorneys for Defendants

ACTIVE\44525494.v1-2/21/17