**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MATT HOSSEINZADEH,

*Plaintiff,*

– against –

ETHAN KLEIN and HILA KLEIN,

*Defendant*s.

---

**Civ. Action No**.: 16-cv-3081 (KBF)
**ECF Case**

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Matt Hosseinzadeh ("**Plaintiff**") submits this response to the FRCP 56(c)(2) objection (Dkt. 94) filed by defendants Ethan Klein ("**Mr. Klein**") and Hila Klein ("**Ms. Klein**") (collectively the "**Defendants**").

### 1.      Declaration of Plaintiff: Paragraph 28

Under Rule 701 of the Federal Rules of Evidence, a witness may testify in the form of a conclusion or opinion that is a) rationally based on the perception of the witness, b) helpful to a clear understanding of the witness' [s] testimony or the determination of a fact in issue, and c) not based on scientific, technical, or other specialized knowledge . . . ." Fed. R. Evid. 701. The Second Circuit has interpreted the scope of permissible testimony under Rule 701 broadly. *U.S. v. Ferguson*, No. 06-CR-137 (CFD), 2007 WL 4556625, at *2 (D. Conn. Dec. 20, 2007) (citing 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 701.03[1] (2d ed. 2008)).  Witnesses who testify to opinions "based on scientific technical, or other specialized knowledge" must be qualified as experts under Rule 702. Fed. R. Evid. 701, Advisory Committee Note (2000); *United States v. Garcia*, 413 F.3d 201 (2d Cir. 2005). At the same time, however, Rule 701 "does not distinguish between expert and lay witnesses, but rather between expert and lay testimony." Fed. R. Evid. 701, Advisory Committee Note (2000) (emphasis in original).

The Second Circuit has held that a witness's specialized knowledge does not preclude the witness from testifying under Rule 701, provided that the testimony was rooted in personal perception, regardless of whether the witness could have testified on other matters as an expert. *See United States v. Rigas*, 490 F.3d 208, 224 (2d Cir. 2007) (former company accountant may testify as lay witness about company's books, including effects of allegedly fraudulent debt reclassifications on company's relationship with other business entities, because testimony was based on witness's observations during twenty months as a company employee); *Bank of China v. NBM LLC*, 359 F.3d 171, 181-82 (2d Cir. 2004) (holding that, to the extent a witness's testimony was "grounded in the investigation he undertook in his role as a Bank of China employee" rather than on his specialized knowledge of international banking, "it was admissible pursuant to Rule 701 of the Federal Rules of Evidence because it was based on his perceptions." (emphasis in original); see also Garcia, 413 F.3d at 215 (noting that "a court must focus on the 'reasoning process' by which a witness reached his proffered opinion" and that lay opinion testimony must be "informed by reasoning processes familiar to the average person in everyday life"). Lay opinion testimony is also admissible when the inference is a conclusion drawn from a series of personal observations over time. 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 701.03[1] (2d ed. 2008); *Searles v. First Fortis Life Ins. Co.*, 98 F. Supp. 2d 456, 461 (S.D.N.Y. 2000) (noting that conclusions based on "a series of personal observations over time" may constitute personal knowledge).

In paragraph 28 of his declaration, Plaintiff states, upon his personal knowledge, that "each full view of a video [on YouTube] adds to the probability that YouTube's proprietary video promotion algorithm will promote that video to non-subscribing users as a video worth watching." Hosseinzadeh Decl. ¶ 28. Plaintiff does not purport to base his testimony upon an expert understanding of YouTube's proprietary video promotion algorithm, but based upon his lay personal perceptions as a YouTube channel operator who has operated his YouTube channel business for several years. Plaintiff's personal

perceptions and experience as a YouTube channel operator inform his behavior on YouTube and, based on this trial and error over the course of his business, Plaintiff has perceived certain consistent responses by the YouTube system based on the number of views a video received. Plaintiff does not seek to offer this as expert testimony, and certainly his lay testimony may be given some lesser weight due to his lack of expert knowledge, but it should be, nonetheless, admissible as lay testimony of his perceptions and conclusions as an operator of his business.

2.    **Declaration of Plaintiff: Paragraph 29**

For the same reasons set forth above, Plaintiff's testimony with respect to paragraph 29 of his declaration should be admitted as lay testimony.

3.    **Exhibit 22: Emails by Susana Navearette and Scott Chisholm**

Exhibit 22 consists of two emails. The first email from Susana Navearette of Network for One offers Plaintiff $7,400 licensing revenue in the form of ad space investment on some of his videos. The second email from Scott Chisholm of GetDATS.com offers to pay Plaintiff $250 to license one of the songs in Plaintiff's video for a new online promotional video. The emails are admissible for two reasons:

(i)    The videos are not submitted to prove the truth of the matter asserted. Plaintiff submits the emails in connection with his motion for partial summary judgement for the sole purpose of evidencing the fact that a market exists for licensing the expression contained in his videos. Plaintiff is *not* using the emails as evidence of the fact that one of his videos is worth $7,400 in licensing revenues or that the music in another video is worth $250 in licensing revenues. The videos serve as evidence of the fact that Plaintiff has received inquiries from third parties about licensing his work. Whether or not such third parties would have ultimately paid Plaintiff the sums they offered in their emails is not relevant to Plaintiff's evidentiary assertions. Plaintiff has asserted that third parties have expressed interest in licensing his work and has submitted emails to prove such assertion.

(ii)    Even if the videos were submitted to prove the truth of the matter asserted in them,

they would be admissible pursuant to FRE 803(6) as records kept during Plaintiff's regular course of business. As the Court knows, Plaintiff's YouTube channel is a business that Plaintiff uses to generate advertising revenue from performing his videos. This business is purely Internet-based—it has no physical office or mailing address. Potential licensees like Ms. Navearette and Mr. Chisholm have no other means to contact Plaintiff than by email, and in fact email is the only means by which Plaintiff conducts his YouTube business. Accordingly, emails received by Plaintiff from potential licensees, as is the case here, are received in the regular course of his business and are stored, as emails tend to be, as business records in the regular course of Plaintiff's business.

Dated:  New York, New York
        March 6, 2017

THOMPSON BUKHER LLP


By: _____
    Tim Bukher (TB1984)
    Michael Feldberg (MF0220)
75 Broad Street, Suite 2120
New York, New York 10004
Telephone: (212) 920-6050
Facsimile: (646) 349-2366

*Attorneys for the Plaintiff*