UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATT HOSSEINZADEH,

                          *Plaintiff*,

– against –

ETHAN KLEIN and HILA KLEIN,

                          *Defendant*s.

**Civ. Action No.**: 16-cv-3081 (KBF)
**ECF Case**

**PLAINTIFF'S REPLY STATEMENT IN RESPONSE TO DEFENDANTS'
LOCAL RULE 56.1 COUNTER-STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL
<u>SUMMARY JUDGMENT</u>**

THOMPSON BUKHER LLP
75 Broad Street, Suite 2120
New York, New York 10004
(212) 920-6050

*Attorneys for the Plaintiff*

Plaintiff Matt Hosseinzadeh ("**Plaintiff**") respectfully submits this reply statement in response to the Defendants' Local Rule 56.1 Counter-Statement of Undisputed Material Facts (Dkt. 98) filed by defendants Ethan Klein ("**Mr. Klein**") and Hila Klein ("**Ms. Klein**") (collectively the "**Defendants**").

Citations in this counter-statement are to Plaintiff's Local Civil Rule 56.1 Statement of Undisputed Facts (Dkt. 89, "**Pl. St.**"), and include the Exhibits to the Bukher Declaration (Dkt. 88, "**Bukher Decl.**") and Hosseinzadeh Declaration (Dkt. 87, "**Hosseinzadeh Decl.**") referenced in the Pl. St., as well as Exhibits to the Hosseinzadeh Declaration in Opposition to Defendants' Motion for Summary Judgment ("**Hosseinzadeh Op. Decl.**").

1. Undisputed.

2. Undisputed except the characterization that Plaintiff is an "amateur videomarker" whereas Plaintiff derives income from the exploitation of his work. (Pl. St. 82-87.)

3. Undisputed except noting that the term "series" used by Defendants is only undisputed in a colloquial, rather than legal, sense because the "Bold Guy" works are a part of a larger collection of unpublished works whereby Plaintiff has yet to decide what, if anything, would be published as a "series" in the legal sense. (Pl. St. 3.)

4. Undisputed except noting that Plaintiff's copyright is an unpublished "collection" (not "compilation") and that the compilation, as it is unpublished, has not yet decided which of its included works would be published as a "series" if at all. (Pl. St. 3.)

5. Undisputed except noting that the term "series" is only undisputed in its colloquial sense. (Pl. St. 3.)

6. **Disputed**. Plaintiff testified as to events that were depicted in his work, Plaintiff did not testify as to the "premise" of his work. (Def. Ex. 115, 70:5-11; 64:16-25; 101:19-102:9.)

7. Undisputed, noting that Plaintiff described a fictional character named "Bold Guy."

8. Undisputed.

9. Undisputed.

10. Undisputed.

11. Undisputed.

12. Undisputed.

13. Undisputed, noting that the interaction discussed inspired the Bold Guy character's name (not Plaintiff's name as Plaintiff is a real-life human being separate from the fictional character he plays). (Pl. St. 69.)

14. Undisputed.

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Undisputed.

19. Undisputed.

20. Undisputed.

21. Undisputed.

22. **Disputed** to the extent that Defendants now seek to characterize the purpose of their videos as "commentary" when in fact they admit the underlying purpose is comedy. (Pl. St. 36-41.) Undisputed as to the remainder of the statement.

23. **Disputed** to the extent that Defendants now seek to characterize the purpose of their videos as "commentary" when in fact they admit the underlying purpose is comedy. (Pl. St. 36-41.) Undisputed as to the remainder of the statement.

24. **Disputed** to the extent that Defendants now seek to characterize the purpose of their videos as "commentary" when in fact they admit the underlying purpose is comedy. (Pl. St. 36-41.) Undisputed as to the remainder of the statement.

25. **Disputed** to the extent that Defendants now seek to characterize the purpose of their videos as "criticism" when in fact they admit the underlying purpose is comedy. (Pl. St. 36-41.) Undisputed as to the remainder of the statement.

26. **Disputed** to the extent that Defendants now seek to characterize the purpose of their reaction videos as "analysis, parody and commentary" when in fact they admit the underlying purpose is comedy—any analysis, parody or commentary being incidental to that purpose. (Pl. St. 36-41.) Undisputed as to the remainder of the statement.

27. **Disputed.** Defendants admit that saying something critical about the videos they selected *served the purpose* of comedy (comedy did not serve the purpose of criticism as Defendants imply in their statement). (Def. Ex. 117, 29:21-30:2.)

28. Undisputed to the extent that Defendants claim to follow a practice in connection with fair use, but certainly **disputed**, it being the heart of this lawsuit and now before the Court, whether Defendants actually followed any such practice with respect to the work at issue. (Dkt. 1, Claim for Copyright Infringement.)

29. **Disputed** as to Defendants' characterization of their use of stylistic edits. At one point Defendants testified that they used stylistic edits primarily for texture and comedic effect, but the evidence submitted by Plaintiff, including Defendants' testimony, illustrates that Defendants intended their heavy stylistic edits in certain videos to "transform" those videos for the purposes of fair use. (Pl. St. 73-75.)

30. **Disputed** as to Defendants' argumentative contention that Ms. Klein's additional

3

perspective adds to the level of "commentary" in their videos. Defendants' merely testified that Ms. Klein gave "feminine input" whatever that means. (Def. Ex. 117, 279:19-25.)

31. **Disputed** to the extent that Defendants argumentatively seek to characterize their banter as "critique and commentary" of the Plaintiff's Work; this is the legal question now before the Court. (Dkt. 1, Claim for Copyright Infringement.) Undisputed as to the remainder of the statement.

32. Undisputed that Defendants claim four over-arching themes. **Disputed** to the extent that Defendants argumentatively seek to characterize the purpose of their treatment of Plaintiff's Work as "critique and commentary" versus attempting to provide post-hoc justification for their infringement of the Work which justification is undermined by the Defendants' admission that their work serves primarily a comedic purpose. (Pl. St. 36-41.)

33. **Disputed** in that Defendants argumentatively seek to characterize the purpose of their treatment of Plaintiff's Work as "critique and commentary" versus attempting to provide post-hoc justification for their infringement of the Work which justification is undermined by the Defendants' admission that their work serves primarily a comedic purpose. (Pl. St. 36-41.) Defendants' contentions are further underscored as post-hoc justification by the repeated, nonsensical manner in which they are offered by Mr. Klein at deposition. (Pl. St. 43-66.)

34. **Disputed** in that Defendants argumentatively seek to characterize the purpose of their treatment of Plaintiff's Work as "critique and commentary" versus attempting to provide post-hoc justification for their infringement of the Work which justification is undermined by the Defendants' admission that their work serves primarily a comedic purpose. (Pl. St. 36-41.) Defendants' contentions are further underscored as post-hoc justification by the repeated, nonsensical manner in which they are offered by Mr. Klein at deposition. (Pl. St. 43-66.)

4

35. **Disputed** in that Defendants argumentatively seek to characterize the purpose of their treatment of Plaintiff's Work as "critique and commentary" versus attempting to provide post-hoc justification for their infringement of the Work which justification is undermined by the Defendants' admission that their work serves primarily a comedic purpose. (Pl. St. 36-41.) Defendants' contentions are further underscored as post-hoc justification by the repeated, nonsensical manner in which they are offered by Mr. Klein at deposition. (Pl. St. 43-66.)

36. **Disputed** in that Defendants argumentatively seek to characterize the purpose of their treatment of Plaintiff's Work as "critique and commentary" versus attempting to provide post-hoc justification for their infringement of the Work which justification is undermined by the Defendants' admission that their work serves primarily a comedic purpose. (Pl. St. 36-41.) Defendants' contentions are further underscored as post-hoc justification by the repeated, nonsensical manner in which they are offered by Mr. Klein at deposition. (Pl. St. 43-66.)

37. **Disputed** in that Defendants **grossly** mischaracterize Plaintiff's testimony—going so far as to make certain facts up. Plaintiff *did not* testify that the primary focus, or even any focus, of his infringement analysis was based on the amount of Work that the Defendants used; Defendants' counsel specifically asked Plaintiff whether he analyzed the number of minutes of the Work that the Infringing Video contained, to which Plaintiff simply replied that he had. (Def. Ex. 115, 113:2-21.) Plaintiff *did not* testify about whether or not he thought Defendants commented on his Work; Plaintiff was never asked this question at all. Plaintiff did testify that he thought that the Defendants did not critique his Work. Plaintiff *did not* testify that Defendants did not ridicule his Work; Plaintiff testified that he didn't think about that one way or the other. Plaintiff's own critical evaluation of the Infringing Work is that the "[Defendants] took [his] property without [his] permission." (Def. Ex. 115, 114:22-116:8.) Plaintiff *did not* testify that Defendants'

5

Infringing Video was different than his Work namely because Defendants talked about his content; Plaintiff testified that the Infringing Work was "quote/unquote, 'different'" *merely* because "it's my content plus them talking about my content." Defendants' counsel shows his irritation with this response wherein the following exchange immediately follows: "Q. Sir, I'm not the one who is under oath here. If you don't understand the question, tell me.  A. I understood it. I answered it.  Q. What are those differences?   A. They are sitting on a couch talking about my content.   Q. Is there a theme in what they're saying?   A. I didn't see any." (Def. Ex. 115, 124:6-24.)

38. Undisputed.

39. **Disputed**. Defendants' characterization of the Infringing Video as a critique of the Work is a post-hoc justification for their infringement thereof which justification is undermined by the Defendants' admission that their work serves primarily a comedic purpose. (Pl. St. 36-41.) Defendants' contentions are further underscored as post-hoc justification by the repeated, nonsensical manner in which they are offered by Mr. Klein at deposition. (Pl. St. 43-66.)

40. **Disputed**. Defendants' characterization of the Infringing Video as a critique of the Work is a post-hoc justification for their infringement thereof which justification is undermined by the Defendants' admission that their work serves primarily a comedic purpose. (Pl. St. 36-41.) Defendants' contentions are further underscored as post-hoc justification by the repeated, nonsensical manner in which they are offered by Mr. Klein at deposition. (Pl. St. 43-66.)

41. **Disputed**. Plaintiff in fact testified that a sexual interpretation of the opening scene can be made, he simply chose, as the author, not to interpret his own work at a deposition. (Def. Ex. 115, 70:22-72:7.)

42. **Disputed** to the extent that Defendants "parody audience reactions." There are no audience reactions to parody. Undisputed that Defendants created numerous, irrelevant fictional

6

narratives while they watched Plaintiff's Work in their video. (Def. Ex. 1.)

43. **Disputed**. Defendants' characterization of the Infringing Video as a critique of the Work is a post-hoc justification for their infringement thereof which justification is undermined by the Defendants' admission that their work serves primarily a comedic purpose. (Pl. St. 36-41.) Defendants' contentions are further underscored as post-hoc justification by the repeated, nonsensical manner in which they are offered by Mr. Klein at deposition. (Pl. St. 43-66.)

44. **Disputed**. Plaintiff in fact testified that a sexual interpretation of the opening scene can be made, he simply chose, as the author, not to interpret his own work at a deposition. (Def. Ex. 115, 70:22-72:7.)

45. **Disputed**. Defendants' characterization of the Infringing Video as a critique of the Work is a post-hoc justification for their infringement thereof which justification is undermined by the Defendants' admission that their work serves primarily a comedic purpose. (Pl. St. 36-41.) Defendants' contentions are further underscored as post-hoc justification by the repeated, nonsensical manner in which they are offered by Mr. Klein at deposition. (Pl. St. 43-66.)

46. **Disputed**. Defendants' characterization of the Infringing Video as a critique of the Work is a post-hoc justification for their infringement thereof which justification is undermined by the Defendants' admission that their work serves primarily a comedic purpose. (Pl. St. 36-41.) Defendants' contentions are further underscored as post-hoc justification by the repeated, nonsensical manner in which they are offered by Mr. Klein at deposition. (Pl. St. 43-66.)

47. Undisputed.

48. **Disputed**. As shown in Defendants' own exhibits, revenue for the Work did not "flat line," it maintained a steady positive revenue number in the months up to and through the publication of the Infringing Video. While there was a one day spike in revenue, it was not on the

day of the Infringing Video publication, it was on the day of the Defamatory Video publication in May 2016 by which point the Infringing Video was no longer on the Internet. (Pl. Exs. 41-2.)

49. **Disputed** in that Defendants mischaracterize Plaintiff's testimony. Plaintiff testified that the Defamatory Video (*not* the Infringing Video) caused a spike in views of his Work *but only* caused a slight bump in revenue because the negative behavior of the users negatively impacted the subsequent traffic. (Def. Ex. 115, 141:12-143:17.) Additionally, Plaintiff testified that he has never had someone personally approach him and tell him that they viewed the Infringing Video instead of his work; Plaintiff did not testify that he has no evidence that the Infringing Video siphoned views from his Work. (Def. Ex. 115, 147:10-149:20.)

50. **Disputed**. There was no significant mid-February 2016 spike in revenue or views of the Work. (Pl. Exs. 41-2.)

51. **Disputed.** This statement is incomplete and unintelligible, Plaintiff cannot understand it.

52. Undisputed.

53. **Disputed.** Defendants' post-hoc justification of their actions are belied by Defendants' testimony which provides circumstantial evidence of their bullying tactics. (St. 96-112.)

54. Undisputed.

55. Undisputed, noting that the text of Plaintiff's email to the Defendants noted that "I'm writing this email as a courtesy to you instead of submitting an official takedown notice" and thanked Defendants "in advance for [their] cooperation." So, in sum, Plaintiff's Email was "friendly" and a "kind request" in contrast with the Defendants' response daring him to do something about their infringement and direction Plaintiff to talk to their lawyer. (Pl. St. 10.)

8

56. Undisputed as Plaintiff cannot know the state of mind of Defendants.

57. Undisputed.

58. **Disputed** to the extent that Defendants seek to introduce inadmissible settlement communications which they, aptly, defined as "Plaintiff's First Settlement Offer." Fed. R. Evidence 408. Undisputed that Plaintiff sent a cease and desist letter.

59. Undisputed, noting that making an infringing video publicly inaccessible is not the same thing as deleting/removing an infringing video from a server.

60. **Disputed** to the extent that Defendants seek to introduce inadmissible settlement communications which they, aptly, defined as "Plaintiff's Second Settlement Offer." Fed. R. Evidence 408. Undisputed that settlement communications did ensue.

61. Undisputed.

62. Undisputed.

63. Undisputed.

64. Undisputed.

65. **Disputed.** Defendants' post-hoc justification of their actions are belied by Defendants' testimony which provides circumstantial evidence of their bullying tactics. (St. 96-112.)

66. **Disputed**. Defendants' post-hoc argumentative statements are belied by Defendants' testimony which provides evidence that they failed to utilize any "fair use policy" in their treatment of the Plaintiff's Work. (St. 67-75.)

Dated: New York, New York
       March 6, 2017

                                    THOMPSON BUKHER LLP

By: /s/ Tim Bukher
_____
   Tim Bukher (TB1984)
   Michael Feldberg (MF0220)
75 Broad Street, Suite 2120
New York, New York 10004
Telephone: (212) 920-6050
Facsimile: (646) 349-2366

*Attorneys for the Plaintiff*