UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATT HOSSEINZADEH,

                *Plaintiff*,

– against –

ETHAN KLEIN and HILA KLEIN,

                *Defendant*s.

**Civ. Action No**.: 16-cv-3081 (KBF)
**ECF Case**

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN
FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

THOMPSON BUKHER LLP
75 Broad Street, Suite 2120
New York, New York 10004
(212) 920-6050

*Attorneys for the Plaintiff*

Plaintiff Matt Hosseinzadeh ("**Plaintiff**") submits this Reply Memorandum of Law in Further Opposition to Defendants' Motion for Summary Judgement as filed by defendants Ethan Klein ("**Mr. Klein**") and Hila Klein ("**Ms. Klein**") (collectively the "**Defendants**") pursuant to the Court's order (Dkt. 110) (the "**Order**") granting a sur-reply on the issue of Plaintiff's claim for defamation.

## ADDITIONAL MATERIAL FACTS

Plaintiff sought and secured the Order to file this sur-reply on the basis that, on February 27, 2017, Defendants published a new video titled "We're Still Being Sued" to their YouTube channel H3H3Production (the "**New Video**"). (Dkt. 110; Pl. Ex. 43, New Video.) The New Video, which purported to discuss developments in this matter, complained that Defendants' current counsel billed them more than $50,000 during the month of December 2016, noting particularly the "600 of photocopying." (Ex. 43, New Video at 2:00.)  Defendants then proceeded to take umbrage with the American justice system, concluding that the system is "criminal." (Ex. 43, New Video at 3:50.) Defendants stated that, if not for the financial support of their fans, they would not have survived this lawsuit, stating, "it's like those with money in the legal system have the ability to destroy, and bully, and defeat people on the grounds that [they] have more money." (Ex. 43, New Video at 4:30.)

## ARGUMENT

The Defendants' New Video aptly highlights the sophistication with which the Defendants manipulate their 3.6 million subscriber base and, most importantly, how the Defendants edit their videos to create patently false narratives. In this case, the Defendants have painted themselves as David in a David versus Goliath narrative by complaining that America's justice system allows "those with money in the legal system [to] have the ability to destroy, and bully, and defeat people

1

on the grounds that [they] have more money." Defendants use this narrative to **continue** to paint Plaintiff as a rich bully who is using his money to undermine the legal system—this despite the facts that (i) Defendants have noted in their filings that Plaintiff earns his living by working as a part time pizza delivery driver (Dkt. 94, Defendants' Objections at 2); and (ii) Plaintiff has engaged a boutique firm in this matter, consisting of two litigators, against the Defendants' attorneys at one of the largest, most expensive firms in the country which Defendants support out of the $150,000 fund that they have raised from their fans (which Defendants have apparently nearly exhausted).

Defendants attack the Plaintiff's defamation claim with the "substantial truth doctrine" which, they argue, stands for the proposition that this Court should not "myopically focus on the alleged defamatory statement" but rather on the "[Defamatory Video] as a whole." (Def. Reply Mem. at 9-10.) The problem with Defendants' argument is that the specific false statement made in the Defamatory Video—which Defendants concede was false when they omitted a crucial step in the sequence of events leading to this lawsuit—has created a general narrative about Plaintiff as a trigger-happy, litigious bully who has engaged the legal system because he cannot abide by criticism rather than because he has legitimate authorship rights that Defendants have violated. The fact that the majority of the Defamatory Video is true does not change the fact that its false statements have *substantially* reframed the narrative of this lawsuit.

The Defendants' New Video further underscores how well the Defendants can generate a false narrative by omitting small but critical details such as, in its case, the fact that Plaintiff is not wealthy, does not have nearly as much public support as the Defendants, and is not leveraging the resources of an enormous legal team (in fact the opposite) at this lawsuit. Yet by omitting this tiny detail, Defendants are now David to the 3 million viewers of their video whereas Plaintiff is Goliath.

Defendants' factual misstatements and omissions are material to the story that damaged Plaintiff's reputation. Plaintiff's damages are well-documented. The public's reactions to Defendants' false statements are also well-documented and have been submitted on this motion. At the very least, it remains a genuine issue of disputed material fact as to whether a representative cross-section of the public, represented by the jurors at trial, will find Defendants' false statements to be material to the overall narrative that they created about the Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion for summary judgment.

Dated: New York, New York
March 13, 2017

THOMPSON BUKHER LLP

By: _____

Tim Bukher (TB1984)
Michael Feldberg (MF0220)
75 Broad Street, Suite 2120
New York, New York 10004
Telephone: (212) 920-6050
Facsimile: (646) 349-2366

*Attorneys for the Plaintiff*

4